## WILSON *v.* GRANGER & LEWIS.

LUMPKIN, J.   1. The plaintiff filed a petition in the superior court, alleging a complicated state of facts including the taking up by the defendants, for her benefit, of several claims, one being transferred at less than the full amount due on it, the shipment of lumber by the plaintiff

from a sawmill for the purpose of discharging the indebtedness, the taking possession of the sawmill and operating it by the defendants, the sale of the property by them, and the buying of a tract of timbered land by them, taking title in their names but allowing the timber to be cut and used at the plaintiff's mill. It was alleged that "said matters of account, being of an intricate and complicated nature, can not be adequately and properly considered in a court of law; and it is necessary, in order that your petitioner may have adequate and complete relief, that an accounting be had under the equitable powers of the court." Discovery was waived. The prayers were, for judgment for an amount which was alleged to be due from the defendants to the plaintiff, that an auditor be appointed "to prepare an accounting" between the parties, and for process. Two amendments were filed to the petition, which referred to it as "in equity." The answer of the defendants likewise so characterized the case, as did also the process and the various entries on the papers. An auditor was appointed, who filed a report adverse to the contentions of the plaintiff. She filed exceptions. At the hearing, counsel for plaintiff contended that the cause was one at law and that the plaintiff was entitled to a jury trial on the exceptions of fact to the auditor's report, as matter of right, instead of treating them as subject to be approved or disapproved by the presiding judge, as in cases of an equitable character. *Held,* that such contention was properly overruled.

2. Upon a careful consideration of the auditor's report, the various exceptions filed by the plaintiff thereto, and the evidence, it is held that there was no error in overruling such exceptions and sustaining the findings of the auditor.  *Judgment affirmed. All the Justices concur.*

JUNE 25, 1910.

Exceptions to auditor's report. Before Judge Charlton. Chatham superior court. August 28, 1909.

*Twiggs & Gazan,* for plaintiff.

*Osborne & Lawrence,* for defendant.