O'REAR *et al. v.* LAMB; *et vice versa.*

Nos. 14254, 14255.   SEPTEMBER 15, 1942.

462

*Joseph P. Brown* and *Earle Norman,* for plaintiffs in error.
*Miles W. Lewis,* contra.

DUCKWORTH, Justice. ▇ Whether or not the prayer of the defendants for an accounting, where, as here, the pleadings show an involved and confused course of dealings over a period of twenty years, would under the Code, § 37-301, give equity jurisdiction in this case (see *Wilson* v. *Granger,* 134 *Ga.* 680, 68 S. E. 514; *Wimpee* v. *Burt,* 148 *Ga.* 418 (2), 96 S. E. 993), the allegations of the amended petition and the prayer for specific performance make this case one in equity. Code, § 37-801. The judgment on demurrer, striking those portions of the amended petition containing and dependent upon the contract set forth in paragraph 9, which the petition seeks to have specifically performed, did not have the effect of finally taking this equitable feature of the case out of the petition and thereby leaving only a case at law, that judgment having been timely and properly excepted to pendente lite and now brought under review in this court by the cross-bill of exceptions. The rule that where equity has been eliminated by voluntary action of the parties, or by a judgment unexcepted to, the case ceases to be one in equity, as held in *Brightwell* v. *Oglethorpe Telephone Co.,* 176 *Ga.* 65 (166 S. E. 646), *Mills Lumber Co.* v. *Milam,* 184 *Ga.* 455 (192 S. E. 35), *Frigidice Co.* v. *Southeastern Fair Association,* 186 *Ga.* 263 (197 S. E. 804), *Davis* v. *Berry Schools,* 187 *Ga.* 131 (199 S. E. 808), and *Bartlett* v. *Walker,* 189 *Ga.* 154 (5

S. E. 2d, 373), has no application in the present case, since the judgment relied upon is excepted to. See *Harrell* v. *Parker,* 186 *Ga.* 760 (198 S. E. 776); *Mitchell* v. *Turner,* 190 *Ga.* 485 (2) (9 S. E. 2d, 621). The allegations of the petition and the prayer for specific performance based thereon make the action one in equity.

■ The defendant's exception of law No. 2 complains of the finding of the auditor No. 13, sustaining an objection to testimony of defendant E. C. O'Rear relating to an alleged contract between the witness and the plaintiff, the testimony excluded being set out in full, but the grounds upon which the testimony was excluded not being set forth in the exception. To properly except to a ruling admitting or excluding evidence, the exception must state what objection to the evidence was made and urged at the time it was offered. *Woodbridge* v. *Drought,* 118 *Ga.* 671 (5) (45 S. E. 266); *Bennett* v. *Farmers & Merchants Bank,* 124 *Ga.* 223 (5 S. E. 330); *Adkins* v. *State,* 137 *Ga.* 81 (4, 5) (72 S. E. 897). This exception was incomplete, and the judge did not err in disallowing it.

■ The next exception, stating that it is an exception of fact, is to paragraph 27 and its six subdivisions of the auditor's report, finding in favor of the plaintiff and against the defendant for stated sums. The judge did not err in disallowing this exception, for two reasons, either of which would be sufficient to sustain the ruling. First, it is stated in the exception that the auditor's finding was based upon the book records and testimony of the plaintiff, while it is contended that it should have been based upon the defendant's testimony. Thus the exception shows that the finding is supported by evidence, in which case the judge in the exercise of his discretion may disallow the exception. In the second place, while by amendment allowed by the judge over objection of the plaintiff the exception sets out considerable testimony which it is asserted relates to the question made by this exception, the exception shows that books and records were in evidence, and no attempt was made to set forth the content of such records relating to the question here made. An exception to the report of an auditor in an equity case must specify the error and set forth such parts of the record as will make it complete within itself, so that it may be passed upon without resort to other records. It must meet in this respect the same degree of definiteness and completeness that is required of a special ground of a motion for a new trial. And in

the hope of avoiding any future misconception, we here reassert what was said in *Fugua* v. *Hudden,* 192 *Ga.* 654 (16 S. E. 2d, 728), that, despite obiter dicta statements found in earlier decisions to that effect, it is not and has never been the law that the requirement of setting forth the evidence necessary for a decision on an exception may be satisfied by giving the names of the witnesses and specifying the pages of the brief of evidence where their testimony may be found. Such evidence must be embodied in the exception or attached thereto as an exhibit. *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874); *Baxter* v. *Camp,* 126 *Ga.* 354 (54 S. E. 1036); *Armstrong* v. *American National Bank,* 149 *Ga.* 165 (99 S. E. 884); *Faucett* v. *Rogers,* 152 *Ga.* 168 (108 S. E. 798).

■ The last exception is termed an exception of law to finding 27 and subdivisions 1 to 6 thereof, inclusive. This exception does not meet the legal requirements. Indeed it is too complicated, confusing, and uncertain to present any question of law. It would be an unjustifiable consumption of space to set out here the numerous incomplete, indefinite, and insufficient specifications of evidence which the exception asserts is necessary for a decision on the exception. A fairly complete statement of such specifications is set forth in the statement of facts preceding this opinion. Illustrative of the non-observance of the rules in such matters is the portion of this exception which specifies a number of books and lists a great number of pages of those books, without giving any indication of the contents of such books. It refers to twenty packages of letters written by the parties over a period of twenty years, but gives no indication of their contents. It refers to bankruptcy proceedings, without giving any of the substance thereof. It also states that affidavits of a number of persons whose names are set forth must be considered, but makes no attempt to set forth or otherwise furnish the substance of such affidavits. No court could possibly render a decision on the merits of this exception. The judge had no choice under the law but to overrule the exception. Accordingly it was not error to overrule this exception and enter final judgment in accord with the auditor's report.

■ The defendant by cross-bill excepts to the judgment disallowing and overruling his exceptions of law and exception of fact. The contract set out in full and made a part of paragraph 9 of plaintiff's petition is too indefinite to be specifically performed.

The personal property is not described, and the method of payment, including the amount to be paid, is too indefinite and uncertain to constitute a valid obligation. Without a further analysis of the other terms of the contract, the invalidity of this portion of the contract renders the entire contract void and unenforceable, and a court of equity would not be authorized to decree specific performance thereof. *Trust Company of Georgia* v. *Neal*, 161 *Ga.* 965 (132 S. E. 385). It follows that paragraph 9 of the petition containing this contract and the subsequent paragraphs of the petition as finally amended stated no ground for specific performance; and accordingly the judgment sustaining the demurrer thereto was not error. This ruling controls, adversely to the plaintiff in error in the cross-bill of exceptions, grounds 1 and 2 of his exceptions of law to the auditor's report. It also renders unnecessary a ruling on exception of fact No. 1 of the plaintiff in the main bill, complaining of the auditor's overruling of the defendant's demurrer to a portion of the plaintiff's amendment to this part of the petition.

■ The third exception of law in the cross-bill is to the auditor's finding overruling the plaintiff's demurrer to the defendant's answer as amended. While the amended answer comprises many pages and contains much immaterial matter, it is sufficient to constitute a plea of payment of plaintiff's demands, and hence is sufficient to withstand the demurrer. The court did not err in overruling this exception of law.

■ The fourth exception of law complains of the auditor's finding of law No. 21, overruling an objection to the evidence of the defendant E. C. O'Rear. The evidence is set out in full in this exception, and it is asserted therein that the evidence was immaterial to any issue involved in the case, and that the overruling of the plaintiff's objection was contrary to law. What objection or the ground of objection urged at the time does not appear, and under the ruling in division 2 this is a fatal defect. The judge did not err in overruling this exception.

■ Both the exception of law No. 5 and the exception of fact complain of the alternative finding of the auditor, to the effect that if the auditor's ruling sustaining the demurrer to the portion of the petition based upon the contract set out in paragraph 9 is reversed, then the auditor finds that the contract was later rescinded and was not binding upon the defendant. Neither of these excep-

tions requires a ruling, since the judgment on the demurrer is affirmed; and hence this finding has never become of force.

*Judgment affirmed on both the main bill and the cross-bill of exceptions.   All the Justices concur.*