20977. PINKARD *et al.* v. MENDEL *et al.,* Trustees.

HAWKINS, Justice. On December 11, 1957, Simon Mendel and Mrs. Sarah Koplin, Trustees of Trust "B" of the last will and testament of Hyman Mendel, as successor lessees of certain described property located on Houston Street in the City of Atlanta, occupied and subleased by Carithers-Wallace-Courtenay, Inc., filed their suit in Fulton Superior Court for a declaratory judgment and an injunction against Mrs. D. E.

Pinkard and Mrs. S. T. Leathers, successor lessors, the petition alleging that a lease contract was entered into for a period beginning October 15, 1909, and running for 99 years, a copy of the lease being attached to and made a part of the petition, paragraph 8 of the lease providing that "The parties of the second part shall be at liberty at any time to make any repairs or improvements that they may wish upon the leased premises; but before the improvements now upon said premises or hereafter thereupon placed by the parties of the second part are removed or materially changed, notice shall be given by the parties of the second part to the parties of the first part of the intention to remove or materially alter and change said buildings; and before removing the said improvements or materially altering the same, the parties of the second part shall give to the parties of the first part a bond, with good and solvent sureties, conditioned upon replacing upon said leased premises improvements of equal value with the improvements to be removed or materially changed"; and that the defendants had notified plaintiffs that the lease contract was canceled and at an end by reason of a claimed violation of paragraph 8 thereof. Plaintiffs alleged that there had been no violation of paragraph 8, or any other provision of the lease, and that they are entitled to a declaration of their rights thereunder for the full term of 99 years; that defendants are threatening to commence dispossessory proceedings, and unless they be restrained and enjoined, plaintiffs will be irreparably damaged by being ousted from the leased premises; and that plaintiffs are uncertain and insecure with respect to the propriety of their future acts and conduct and their rights under the lease. The prayers were for a declaratory judgment, and that "defendants be temporarily restrained and permanently enjoined from commencing and prosecuting any dispossessory or other proceeding with respect to the occupancy of said leased premises by petitioners and/or their sub-lessee pending the adjudication of the issues raised in this petition." On the same day this petition was filed, defendants filed in Fulton Superior Court against plaintiffs a dispossessory-warrant proceeding. Thereafter, defendants filed general and special demurrers to plaintiffs' petition contending that relief under the Declaratory Judgments Act was not a proper remedy; and after a hearing on June 1,

1959, one of the special demurrers was sustained, with leave to amend, and the other demurrers were overruled. On June 10, 1959, plaintiffs filed an amendment to their petition in an attempt to meet the demurrer that was sustained, and defendants filed renewed general and special demurrers to the petition as amended. On July 20, 1959, the renewed general demurrers were overruled.

On April 28, 1959, plaintiffs, by amendment, filed their motion for injunction, in which they set out that subsequently to the filing of their petition for declaratory relief under the Declaratory Judgments Act, defendants had filed a dispossessory warrant affidavit and proceedings against plaintiffs on the same set of facts as contained in the declaratory judgment suit of the plaintiffs, and plaintiffs' suit having been filed first, they prayed that a trial of the dispossessory warrant proceedings be temporarily restrained and enjoined until a hearing on the declaratory judgment suit of plaintiffs had been held. To this motion, defendants filed a response, in which they admitted that the issues in both suits were identical, but prayed that such injunction be denied. On June 1, 1959, plaintiffs' motion for injunction was granted, and defendants were enjoined from proceeding with the dispossessory warrant case.

The declaratory judgment suit came on for trial before a jury, and on December 18, 1959, a verdict was returned for the plaintiffs, and judgment was entered thereon on February 2, 1960, which recited in part that "it is hereby considered, ordered and adjudged that judgment be and the same is hereby entered in favor of plaintiffs and against the defendants," and that defendants, "their agents and attorneys, are hereby permanently restrained and enjoined from proceeding with the dispossessory warrant proceedings in case No. A-64912, Fulton Superior Court." No motion for new trial was filed. The bill of exceptions assigns error on the overruling of the general demurrer to the plaintiffs' petition, and to the order granting plaintiffs' motion for a temporary injunction, contending that, "Since the judgment and verdict were controlled by the rulings of the court hereinbefore set out and complained of, and since said rulings entered into and affected further proceedings in the case, the verdict and judgment are likewise assigned as error, as being contrary to law, and exception is

hereby assigned on the same as being contrary to law." *Held:*

1. While the prayer for and the grant of a temporary restraining order to preserve the status pending an adjudication of a declaratory judgment action, which is not an equitable proceeding per se, does not confer upon this court jurisdiction of a writ of error complaining of a judgment rendered therein, but jurisdiction of such a writ of error is in the Court of Appeals (*Ulmer v. State Highway Dept.*, 210 Ga. 513, 81 S. E. 2d 514; *U. S. Casualty Co. v. Georgia So. & Fla. Ry Co.*, 212 Ga. 569, 94 S. E. 2d 422), yet where, as in this case, the general judgment and decree includes the grant of a permanent injunction, this court, and not the Court of Appeals, has jurisdiction of the writ of error excepting to such general judgment and decree granting equitable relief. *Code Ann.* § 2-3704; *Solomons v. Mayor &c. of Savannah*, 183 Ga. 631 (189 S. E. 230); *O'Rear v. Lamb*, 194 Ga. 455 (22 S. E. 2d 74).

2. While, under Ga. L. 1959, p. 236, amending the Declaratory Judgments Act (Ga. L. 1945, p. 137; *Code Ann.* § 110-1101 et seq.), by adding thereto section 1(c), one is not precluded from obtaining relief by declaratory judgment merely because the complaining party has other adequate legal or equitable remedy or remedies, yet "The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated." *Rowan v. Herring*, 214 Ga. 370, 374 (105 S. E. 2d 29), and cases there cited. And where, as here, the petition shows that the rights of the parties have already accrued and no facts or circumstances are alleged which show that an adjudication of the plaintiffs' rights is necessary in order to relieve the plaintiffs from the risk of taking any future undirected action incident to their rights, which action without direction would jeopardize their interests, the petition fails to state a cause of action for declaratory judgment. *Sumner v. Davis*, 211 Ga. 702 (88 S. E. 2d 392); *State of Ga. v. Hospital Authority of Gilmer County*, 213 Ga. 894, 898 (102 S. E. 2d 543); *McCallum v. Quarles*, 214 Ga. 192 (104 S. E. 2d 105), and cases there cited.

3. While the act of 1959 (Ga. L. 1959, p. 236), amending the Declaratory Judgments Act, provides that further plenary relief, legal or equitable, including injunction, may be sought in

a petition seeking a declaratory judgment, and the failure of such petition to state a cause of action for declaratory relief shall not affect the right of the party to any other relief, legal or equitable, to which he may be entitled, the only other relief sought by the present petitioners was to enjoin the defendants from prosecuting a threatened dispossessory warrant proceeding against the plaintiffs because of an alleged breach of the lease contract on their part, which had already occurred. While the petition alleged that the plaintiffs had not breached the lease contract, and that to permit the institution and prosecution of a dispossessory-warrant proceeding by the defendants would result in the plaintiffs and their sub-tenants being ousted from the premises, denial of the breach of the contract was available as a defense by counter-affidavit to the dispossessory warrant, and the ouster of the plaintiffs and their tenants could be prevented by the filing of such affidavit and the giving of the bond and security required by statute. The petition therefore failed to state a cause of action for the injunctive relief sought. *Shippen v. Folsom,* 200 Ga. 58 (35 S. E. 2d 915), and cases there cited. Under the foregoing rulings, the trial court erred in overruling the general demurrer to the petition, and all subsequent proceedings were nugatory.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1960—DECIDED NOVEMBER 10, 1960—
REHEARING DENIED NOVEMBER 22, 1960.

*Troutman, Sams, Schroder & Lockerman, Allen E. Lockerman, Robert L. Pennington,* for plaintiffs in error.

*John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr.,* contra.