## 21078. STATE HIGHWAY DEPARTMENT v. GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY.

MOBLEY, Justice. 1. Georgia Southern & Florida Railway Co. brought its petition in two counts in Tift Superior Court against the State Highway Department of Georgia, alleging that it is the owner of the fee-simple title, by reason of certain described deeds, to a right-of-way through Tift County 100 feet wide, measuring 50 feet on each side of the center line of its main-line track; that a State highway, which is under the control and supervision of the State Highway Department, generally parallels said property; that the State Highway Department claims as a right-of-way property of the petitioner consisting of a strip of land varying in width from 3.5 feet to 15.5 feet between certain described highway stations, and in width from 0 feet to 1.5 feet between other stations; that the State Highway Department is engaged in widening said highway and in doing so is encroaching upon

the plaintiff's property by laying pavement thereon at certain points and in working the ditches and drains at other places, and is exercising dominion over and claiming title to said property; and that an actual controversy exists between them as to ownership of the property. Thus, the petition alleges a case "respecting titles to land" within the meaning of the Constitution of Georgia (*Code* § 2-4902), providing that "Cases respecting titles to land shall be tried in the county where the land lies." In *Payne v. Terhune*, 212 Ga. 169, 170 (91 S. E. 2d 348), this court held: "The common test as to whether an action to recover land is an action respecting title to land within the venue provision of our Constitution is whether the plaintiff can recover on his title alone, or whether he must seek the aid of a court of equity in order to recover. *Frazier v. Broyles*, 145 Ga. 642 (89 S. E. 743); *Owenby v. Stancil*, 190 Ga. 50 (1, 2, 3) (8 S. E. 2d 7)." Here, the petitioner seeks a decree of title in it upon its title alone as established by deeds set out in its petition, and does not rely upon a court of equity to establish its title.

Since it is not alleged that the parties are adjoining landowners, this case does not fall within that line of cases which hold that, where the issue is the correct dividing line between properties of coterminous landowners, title to the property is not involved. See *Whaley v. Ellis*, 209 Ga. 147 (71 S. E. 2d 209), and *Lively v. Thompson*, 209 Ga. 425 (73 S. E. 2d 90), and cases cited. Accordingly, since the land lies in Tift County, the Tift Superior Court has jurisdiction; and the trial court properly sustained the plaintiff's demurrer to the plea to the jurisdiction filed by the State Highway Department. This court has jurisdiction of the appeal, and not the Court of Appeals, since the case involves title to land.

2. "While under Ga. L. 1959, p. 236, amending the Declaratory Judgments Act (Ga. L. 1945, p. 137; *Code Ann.* § 110-1101 et seq.), by adding thereto Section 1 (c), one is not precluded from obtaining relief by declaratory judgment merely because the complaining party has other adequate legal or equitable remedy or remedies, yet 'The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated.' *Rowan v. Herring*, 214 Ga. 370, 374 (105 S. E. 2d 29), and cases there cited. And where, as here, the petition shows that the

rights of the parties have already accrued and no facts or circumstances are alleged which show that an adjudication of the plaintiff's rights is necessary in order to relieve the plaintiffs from the risk of taking any future undirected action incident to their rights, which action without direction would jeopardize their interests, the petition fails to state a cause of action for declaratory judgment. *Sumner v. Davis*, 211 Ga. 702 (88 S. E. 2d 392); *State of Georgia v. Hospital Authority of Gilmer County*, 213 Ga. 894, 898 (102 S. E. 2d 543); *McCallum v. Quarles*, 214 Ga. 192 (104 S. E. 2d 105), and cases there cited." *Pinkard v. Mendel*, 216 Ga. 487 (117 S. E. 2d 336). Applying the foregoing ruling to the facts alleged in the petition here, a cause of action for declaratory judgment is not stated. The railroad, as the alleged owner of the property under deeds set out in its petition, is not faced with any facts or circumstances necessitating an adjudication of its rights in order to relieve it from the risk of taking any future undirected action incident to its rights, which without direction, would jeopardize its rights. The railroad alleges with certainty and definiteness that it is the owner of the property. It has only to assert by appropriate action its rights of ownership, at which time any question of ownership may be determined.

*Judgment reversed. All the Justices concur, except Grice, J., not participating.*

ARGUED NOVEMBER 14, 1960—DECIDED JANUARY 5, 1961—
REHEARING DENIED JANUARY 20, 1961.

*Eugene Cook, Attorney-General, Carter Goode, E. J. Summerour, Assistant Attorneys-General*, for plaintiff in error.
*Bloch, Hall, Groover & Hawkins, Steve F. Mitchell*, contra.