## 21216. GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY v. STATE HIGHWAY DEPARTMENT.

CANDLER, Justice. When this case was formerly here, it was held that the petition, as it then stood, did not state a cause of action for a declaratory judgment, and that the trial judge, for that reason, erred in not dismissing it on general demurrer. See *State Highway Dept. v. Georgia So. & Fla. Ry. Co.*, 216 Ga. 547 (117 S. E. 2d 897). When the remittitur was sent down, and before it was made the judgment of the trial court, the plaintiff further amended both counts of its petition by alleging that it obtained and holds its right of way for use and expansion of its public facilities; that the defendant is occupying, trespassing on, and claiming title to a described portion of its right of way, and it cannot eject the defendant from it if the defendant needs it for highway uses; that the defendant's occupancy of the land involved would not be antagonistic to the plaintiff's expansion of its facilities thereon if title to it is decreed to be in the plaintiff, since facilities owned by the plaintiff and facilities owned by the defendant are frequently put to a joint-type use of each under contractual and easement arrangements between them; that a suit for injunction by the plaintiff would require it to put up a bond for several thousand dollars conditioned to hold the defendant harmless from damages suffered by it as a result thereof if title to such land should be decreed in the defendant, and the damages awarded could be and probably would be in excess of the fair market value of the land involved; that a suit for damages by the plaintiff against the defendant would be inadequate protection to it, since such an action would require it as a public utility to abandon its claim to the property involved and rely solely on damages for the expropriated property, and its abandonment of the property involved would preclude it from expanding its public services; and that an adjudication of its rights is necessary in order to relieve it from the risk of taking any future undirected action incident to its rights, which action without direction would jeopardize its interest, and, in the future, if the plaintiff should attempt to expand its facilities on land it claims to own, it would be faced with an injunction and/or a suit for damages and/or a loss of

the costs it would incur by such an attempt to expand. The petition as thus amended was dismissed on general demurrer, and the plaintiff excepted to that judgment. *Held:*

On the former appearance of the instant case (216 Ga. 547), this court in holding that the petition as it then stood failed to state a cause of action for a declaratory judgment, followed and applied to its allegations the ruling in our full-bench decision in *Pinkard v. Mendel,* 216 Ga. 487 (2) (117 S. E. 2d 336), that, where the plaintiff's petition shows that the rights of the parties have already accrued and no facts or circumstances are alleged which show that an adjudication of the plaintiff's rights is necessary in order to relieve him from the risk of taking any future undirected action incident to his rights, which action without direction would jeopardize his interest, the petition fails to state a cause of action for a declaratory judgment. A like unanimous holding was also made in *Sumner v. Davis,* 211 Ga. 702 (88 S. E. 2d 392), where several prior decisions of this court were cited and relied on as authority for the ruling there made. In the *Pinkard* and *Sumner* cases, the petitions, like the one in this case, show that the parties' rights had already accrued before the proceeding for declaratory relief was instituted. In this court's prior decision of the instant case, it was pointed out in the opinion that the petition alleged with certainty and definiteness that the plaintiff was the owner of the land which the defendant has allegedly appropriated for highway uses, and it was there held that the plaintiff railroad had only to assert by appropriate action its rights of ownership, at which time any question of title could be determined. And since the petition has not been materially changed by the amendment made thereto since we previously considered it, and since it still fails to state a cause of action for a declaratory judgment, it necessarily follows that the trial judge did not err, as contended, in dismissing it, as thus amended, on general demurrer.

*Judgment affirmed. All the Justices concur, except Grice, J., not participating.*

ARGUED APRIL 10, 1961—DECIDED MAY 9, 1961.

814

*Bloch, Hall, Groover & Hawkins, Steve F. Mitchell,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. J. Summerour, Carter Goode, Assistant Attorneys-General,* contra.