21514.  MENDEL *et al.*, Trustees v. PINKARD *et al.*

CANDLER, Justice. 1. When this case was formerly here, it was held that the petition, as it then stood, did not state a cause of action either for a declaratory judgment or for the injunctive relief sought; that the trial judge for that reason erred in not dismissing the petition on general demurrer; and that, since the demurrer should have been sustained, all subsequent proceedings in the case, including a verdict and a final decree in favor of the plaintiffs, were nugatory. See *Pinkard v. Mendel,* 216 Ga. 487 (117 SE2d 336), where a full statement of the case as it then existed is reported in the opinion. After that decision was rendered and before the remittitur was made the judgment of the trial court, the plaintiffs offered a lengthy amendment to the original petition, which was allowed subject to objection and demurrer. A further amendment was likewise allowed on January 23, 1961. We will not undertake to set out in detail the allegations of the two amendments, as we deem it sufficient to state that the petition as thus amended still shows that the rights of the parties had already accrued when this proceeding was instituted and the amendments, like the original petition, allege no facts or circumstances which show that an adjudication of the plain-

tiffs' rights is necessary to relieve them of the risk of taking any future undirected action incident to their rights, which action without direction would jeopardize their interest; it shows that the only existing controversy between the parties is whether or not the plaintiffs or their subtenants had by certain alterations previously made in the leased premises so breached the terms of the lease contract under which they occupied the property as would authorize the defendants to treat it as no longer binding on them under a forfeiture clause which such contract contains. This being true, our prior decision respecting this question is controlling and from the ruling there made it necessarily follows that the petition as amended fails to state a cause of action for a declaratory judgment. For like rulings on similar allegations, see *Sumner v. Davis*, 211 Ga. 702 (88 SE2d 392); *State of Ga. v. Hosp. Auth. of Gilmer County*, 213 Ga. 894, 898 (102 SE2d 543); *McCallum v. Quarles*, 214 Ga. 192 (104 SE2d 105); and *Ga. So. & Fla. Ry. Co. v. State Highway Dept.*, 216 Ga. 812 (120 SE2d 122).

2. The original petition alleges that the defendants are claiming the petitioners had breached the terms of the lease contract by making certain alterations in the premises and in consequence thereof had forfeited their right to longer occupy the property; and that they are threatening to commence and prosecute dispossessory proceedings, and unless restrained and enjoined from doing so, the petitioners will be irreparably damaged by being ousted from the premises involved. Respecting the injunction thus sought, it was unanimously held in the decision rendered by this court on its prior review of the case that the petition failed to state a cause of action for injunctive relief, since a denial of the claimed breach could by counteraffidavit be set up as a defense to an eviction proceeding. As authority for that holding, *Shippen v. Folsom*, 200 Ga. 58 (35 SE2d 915), and the cases there cited, were relied on by this court. When our former decision was rendered, the record showed that the defendants, as owners of the property involved, had, on the day the original petition was filed, sued out a dispossessory warrant to evict the plaintiffs from the premises involved, and the amendments to the petition which have been made and allowed since then show that such eviction proceeding is still pending

for trial, and the amendments allege no facts which would require a ruling by this court on that point different from the one previously made.

3. For the reasons stated in the two preceding divisions, there is no merit in the contention that the court erred in dismissing the amended petition on an oral motion which attacked the sufficiency of its allegations to state a cause of action for any of the relief sought. Since the amended petition was properly dismissed because of its failure to state a cause of action, it is not necessary for us to deal with that assignment of error which alleges that the court erred in denying a motion to consolidate this case with a pending dispossessory proceeding which the defendants in this case had sued out against the plaintiffs.

*Judgment affirmed. All the Justices concur.*

Argued January 17, 1962—Decided January 22, 1962.

*John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr., M. K. Pentecost, Jr.,* for plaintiffs in error.

*Robert L. Pennington, Troutman, Sams, Schroder & Lockerman,* contra.