40687. BRYANT v. CLARK GLASS & MIRROR COMPANY et al.

DECIDED APRIL 23, 1964.

*Grace W. Thomas,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, James H. Moore, Trout-man, Sams, Schroder & Lockerman, Harold C. McKenzie, Jr., Carpenter & Karp, A. Tate Conyers,* contra.

HALL, Judge.   The gravamen of this petition seems to be that by false representations the defendants Clark, Allen, Glass, and Distributors have prevented the defendant from enforcing his right to workmen's compensation arising from his first injury, and from enforcing his workmen's compensation award arising from his second injury.   Aside from the question whether the plaintiff could succeed in pleading and proving some claim for benefits or cause of action for damages based on these com-

plaints, his present petition does not show a right to the declaratory relief it seeks and the facts pleaded do not contain the elements of any cause of action for damages.

The petition shows that whatever rights the plaintiff has have already accrued. *State Hwy. Dept. v. Georgia, F. &c. R. Co.,* 216 Ga. 547, 548 (117 SE2d 897), and 216 Ga. 812, 813 (120 SE2d 122). It does not show that the plaintiff is in danger of taking some future undirected action, which if taken without judicial direction might reasonably jeopardize his rights. *Rowan v. Herring,* 214 Ga. 370, 373 (105 SE2d 29) ; *Pinkard v. Mendel,* 216 Ga. 487, 490 (117 SE2d 336) ; *Brewton v. McLeod,* 216 Ga. 686, 691 (119 SE2d 105).

The Declaratory Judgments Act, *Code Ann.* § 110-1101 et seq., makes no provision for a judgment which is merely advisory. *Shippen v. Folsom,* 200 Ga. 58, 59 (35 SE2d 915) ; *Liner v. City of Rossville,* 212 Ga. 664 (94 SE2d 862) ; *Henderson v. Alverson,* 217 Ga. 541, 542 (123 SE2d 721).

The trial court did not err in sustaining the general demurrers and dismissing the petition.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*