23003. BURNS et al. v. WINKLER et al.

286

*Cohen, Kohler & Barnwell, Donald A. Weissman,* for plaintiffs in error.

*Haas, Holland, Freeman, Levison & Gibert, S. Jarvin Levison,* contra.

ALMAND, Justice. The judgment under review is one which overruled a general demurrer to an equitable petition.

In an action filed by Ben Winkler and four other named individuals against Fulton Industries, Inc., Charles H. Burns and two other corporations, the allegations pertinent to the legal and equitable issues were: the plaintiffs are former employees of Fulton Industries. In September, 1963, Fulton Industries acquired the corporate properties of defendant Belsky Co. Inc., at which time, the plaintiffs, then employees of Belsky, became the employees of Fulton Industries. At the time of such acquisition by Fulton Industries there was in existence an employees' pension trust for the benefit of the plaintiffs and other employees of Belsky who became the employees of Fulton Industries, who assumed the obligation of employer under the plan. Defendant Burns is the trustee of the pension. A copy of the pension plan is not set out in the petition. However it is alleged: that under this plan the employer, who set up the plan and provided for its administration by a pension committee, was obligated to contribute to said fund in accordance with the compensation paid to the employees; that this plan had been approved for income tax deductions by the U.S. Internal Revenue Department and under its regulations the pension fund must be administered without discrimination between the employees; that when the trust was terminated the interests of the participants became non-forfeitable; that at the time Fulton Industries became the employer in September, 1963, the employer's annual contribution to the fund was not less than $84,000, but as a result of the discharge and resignation of employees the annual contributions of Fulton Industries will not exceed $40,000.

It was alleged that in November, 1963, the plaintiffs resigned

as employees of Fulton Industries. In paragraphs 29-34 it was alleged: "By the terms of the Pension trust the funds in the hands of the trustee were divided into two parts. One part was used for the purchase of life insurance policies on the lives of the participants of the trust. The other part constituted a Separate Investment Fund which was invested to provide funds for pensions for the participants at the time of their retirement. By the terms of the pension trust, in the event of the termination of the employment of any employee, the pension committee had authority either to deliver his insurance policies to the employee or to convert same to paid-up policies and retain them until the 65th birthday of the employee. In all cases in which employees of Bell or Fulton who were participants under the trust were discharged by Bell or Fulton the pension committee elected to deliver the insurance policies to the discharged employee. In all cases in which employees resigned from the employment of Bell or Fulton, the pension committee elected to convert their policies to paid-up policies and retain them. Thereby the pension committee exercised its authority in an arbitrary and discriminatory manner against employees who resigned, including all of the plaintiffs. The purpose of such discrimination was to retaliate against and punish employees who resigned." The prayers of the petition were: "That the defendant Burns be required to make an accounting to the plaintiffs for their respective interests in the trust fund; that a special master be appointed; that defendants Fulton Industries, Inc. and Bell Industries, Inc. be required to make additional payments to the trustee for each of the plaintiffs in such amounts as will be necessary to end the discrimination described in the petition, particularly paragraphs 17 through 20; that the trust be declared terminated and the trustee be required to allocate all unallocated funds in his hands, and that he be required to deliver to the plaintiffs their respective shares of the trust fund; that the trustee be required to take the steps necessary to convert the plaintiffs' paid-up insurance policies back to the policies they held before the wrongful conversion described in the petition; that the trustee be required to deliver to the plaintiffs their respective insurance policies."

The plaintiffs are not parties to the pension trust plan. It was set up for their benefit as employees of the employer who set up the plan. The employer made the only contributions to the trust fund and provided the rules for its administration. As contemplated beneficiaries of the trust funds so provided, the plaintiffs have the burden of showing that as third party beneficiaries of the pension fund they have such a present interest, either vested or potential, that the creator of the fund or the administrators (trustees and agents) have violated or are violating the rights of the plaintiffs (as former employees) to their hurt and injury.

Whatever rights the plaintiffs have as the former employees of defendant Fulton Industries are based solely upon the pension trust plan which was set up for the benefit of Fulton's employees. The allegations of the petition show that it was an express trust which must be in writing (*Code* § 108-105), but neither copy of the trust indenture or its substance is set out in the petition. The allegations of the terms or conditions of the trust agreement are vague and general. The allegations as to performance or non-performance of the creator of the trust, the trustees, or the pension committees, are general, and in the absence of allegations as to the rights of the beneficiaries of the trust fund and duties of the defendants in administering the funds, we, after a careful examination of the petition, are unable to find any allegation of fact that supports any of the prayers for equitable relief. The only allegation in the petition that might justify a present resort to equity is the prayer "That the trustee be required to take the steps necessary to convert the plaintiffs' paid-up insurance policies back to the policies they held before the wrongful conversion described in the petition." But the allegations in paragraph 30 alleging that "By the terms of the pension trust, in the event of the termination of the employment of any employee, the pension committee had authority either to deliver his insurance policies to the employee or to convert same to paid-up policies and retain them until the 65th birthday of the employee" shows that the pension committee had authority to do this act.

The allegations of the petition that the trust has terminated

by operation of law, and that the plaintiffs as participating beneficiaries are entitled to distributive shares and prayers for such a decree, are wholly insufficient for such a declaration. The allegations show that the defendant Fulton Industries is making contributions to the pension trust fund. How the plan has terminated by operation of law is not described in the petition.

The trial court having held the petition not to be subject to the general demurrers, we have carefully read and re-read the petition in order to uphold his judgment. In the words of Judge Bleckley in "The Green Bag" (February, 1892) applicable to the consideration of pleadings, we have scrutinized them, reviewed the scrutiny and scrutinized the revision, but come up with the unmistakable conclusion that the petition fails to set forth a cause of action for any relief.

The court erred in overruling the general demurrers.

*Judgment reversed. All the Justices concur.*