41725. SCOTT v. EMPLOYEES' RETIREMENT SYSTEM OF GEORGIA.

ARGUED JANUARY 6, 1966—DECIDED FEBRUARY 23, 1966— REHEARING DENIED MARCH 9, 1966.

*Olon E. Scott,* for appellant.

*Arthur K. Bolton, Attorney General, Benjamin L. Johnson, Assistant Attorney General,* for appellee.

NICHOLS, Presiding Judge. The plaintiff alleges that the Employees' Retirement System of Georgia refuses to recognize his eligibility for retirement benefits which he alleges he is entitled to as a result of service as an employee of the State Revenue Department, which service was terminated prior to the filing of the present action. Accordingly, whatever rights the plaintiff has under the Retirement System of Georgia Act (Ga. L. 1949, p. 138), as amended (*Code Ann. Ch.* 40-25), have already accrued, and no facts are alleged which show the plaintiff is in danger of taking some future undirected action which if taken without judicial direction might reasonably jeopardize his rights.

"The petition shows that whatever rights the plaintiff has have already accrued. *State Hwy. Dept. v. Georgia, F. &c. R. Co.,* 216 Ga. 547, 548 (117 SE2d 897), and 216 Ga. 812, 813 (120 SE2d 122). It does not show that the plaintiff is in danger of taking some future undirected action, which if taken without judicial direction might reasonably jeopardize his rights. *Rowan v. Herring,* 214 Ga. 370, 373 (105 SE2d 29) ; *Pinkard v. Mendel,* 216 Ga. 487, 490 (117 SE2d 336) ; *Brewton v. McLeod,* 216 Ga. 686, 691 (119 SE2d 105). The Declaratory Judgments Act, *Code Ann.* § 110-1101 et seq., makes no provision for a judgment which is merely advisory. *Shippen v. Folsom,* 200 Ga. 58, 59 (35 SE2d 915) ; *Liner v. City of Rossville,* 212 Ga. 664 (94 SE2d 862) ; *Henderson v. Alverson,* 217 Ga. 541, 542 (123 SE2d 721)." *Bryant v. Clark Glass &c. Co.,* 109 Ga. App. 606, supra.

Accordingly, since the plaintiff's petition failed to set forth facts entitling him to a declaratory judgment the judgment of the trial court sustaining the defendant's general demurrer and dismissing the plaintiff's petition must be affirmed.

*Judgment affirmed. Hall and Deen, JJ., concur.*