## 52701. PENSION BOARD OF DEKALB COUNTY v. JORDAN et al.

QUILLIAN, Judge.

We are confronted with the issue of whether the trial court correctly found that the appellees are entitled to purchase back retirement time in the pension plan of DeKalb County from January 1, 1954 through December, 1961.

Appellants are the members of the Pension Board of DeKalb County, while appellees are three employees of the county.

Chronologically, we consider the following pertinent facts. In 1949 the DeKalb County Pension Act was enacted in the law. The appellees were employed by DeKalb County during 1947-1952. All three appellees initially voluntarily contributed to the new Pension Act. In 1953 the Act was amended. The three appellees subsequently elected to withdraw their contributions that they had made under the original Act and chose not to participate further. Then pursuant to a letter, November 21, 1961, the three appellees requested that they come under the Act and on December 1, 1961, they again became participants in the plan and made contributions.

On February 1, 1962, the third version of the Pension Act was adopted. This Act contained among its provisions a plan that employees might obtain credit for prior service to DeKalb County since January 1, 1954 by paying into the pension fund the amounts they would have paid had they been participants in the pension plan. The record shows that the appellees for various reasons chose not to purchase under this provision in 1962 and made no effort to do so until they made application to the board in 1975. In 1971 a further revision of the Pension Act was adopted which allowed purchases for prior credits.

The parties have conceded that the 1971 Act is not applicable and we do not consider it in this appeal. What

we must determine is the right of the appellees in 1975 to avail themselves of the provisions of the 1962 Act. Ga. L. 1962, pp. 3088, 3091-92.

Section 5 of the 1962 Act in pertinent part provides as follows: "All county officers, employees, and deputies, of DeKalb County who are employed or hold offices on the effective date of this Act are eligible to come under the terms and provisions thereof. . . All officers, employees, and deputies shall be given notice in writing by the governing authority of DeKalb County of the passage of this Act within ten days after its approval. Such notice shall inform such officers, employees, and deputies that they may elect whether or not they shall come within the provisions of this Act, on or before, July 10, 1962."

Section 6 of the same Act states: "All participants of the former pension plans of DeKalb County who are not receiving retirement benefits provided by Georgia Laws 1949, page 415, and by Georgia Laws 1953, page 3198, both as amended, who wish to receive credit for services rendered prior to the date of establishment of the plan created under this Act must transfer their accumulated contributions to the Pension Fund herein created and shall receive credit for service under this Act as they have accumulated under the aforesaid Acts. . . Officers, employees, and deputies who were not members of the former pension plans for the entire period of their employment, at the time of the passage of this Act, but who wish to become members of the pension plan herein created with credit for prior service to DeKalb County since January 1, 1954, or from date of their employment or election if since that date, must pay into the pension fund the amount that they would have paid had they been participants in the pension plan in effect at the time, provided they have not reached normal retirement age at the effective date of this Act. This amount may be paid into the pension fund created by this Act in cash, in equal installments, or by payroll deductions over a period of twenty-four (24) months."

The trial judge found that since Section 6 contained no time or date limitation that it might be exercised at any time by the appellees. The appellant, however, contends that the whole thrust of the Act, including

Section 5, is that a decision had to be made by the employees prior to the date specified therein, to wit, July 10, 1962. *Held:*

"In the construction of a statute the legislative intent must be determined from a consideration of it as a whole." *Williams v. Bear's Den, Inc.,* 214 Ga. 240, 242 (104 SE2d 230). It is evident that Sections 5 and 6 are not separate entities but are to be construed together. See *Ford Motor Co. v. Abercrombie,* 207 Ga. 464, 467 (62 SE2d 209); *Bibb County v. Hancock,* 211 Ga. 429, 440 (86 SE2d 511). Section 5 deals with when the provisions of the Act may be utilized; Section 6 tells how and by what means.

From a reading of the provisions as a whole the statutory scheme was designed for the time in question and was not set up as a continuing system whereby the purchase of prior time would be available at any subsequent time. This is further evidenced by the omission of any reference to the payment of interest by one who wished to obtain credit for prior service. Certainly, if the legislative intent was for the purchase option to be available at future times after 1962, payment of interest by the one exercising such option normally would have been specified.

The trial judge erred in ruling in favor of the appellees.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 15, 1976 — DECIDED OCTOBER 14, 1976 — REHEARING DENIED NOVEMBER 8, 1976 —

*Harvey, Willard & Elliott, Wendell K. Willard, Billy Olsen,* for appellant.

*Hendon, Egerton, Harrison, Glean & Kovacich, E. T. Hendon, Jr.,* for appellees.