## 57089. SACKS v. BELL TELEPHONE LABORATORIES, INC.

SHULMAN, Judge.

The appellant, plaintiff below, brought a declaratory judgment action to have his sickness disability benefits under the appellee's Plan for Employees' Pensions, Disability Benefits and Death Benefits restored, following the termination of those benefits by appellee. Motions for summary judgment were filed for both sides. After a hearing, the trial judge granted summary judgment for the appellee-defendant. Appellant appeals.

1. Appellant's first enumeration of error submits that the trial judge granted the motion for summary

judgment "without considering all of the evidence in the case."

At the hearing, appellant moved the court to defer its decision until a deposition could be filed. The deponent, an employee of the appellee, had been deposed the week before the hearing on the summary judgment motion and had refused to waive signature. The court did not grant appellant's motion to defer its decision, and judgment was rendered without consideration of the deposition. It is urged that on authority of *Union Circulation Co. v. Trust Co. Bank,* 146 Ga. App. 612 (247 SE2d 197), this case should be remanded to the trial court. We disagree.

Code Ann. § 81A-156 (c) requires, in part, that summary judgment "be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions *on file,* together with the affidavits, if any, show that there is no genuine issue as to any material fact ..." (Emphasis supplied.) In *Union Circulation Co.,* we held that " '... the court is obliged to take account of the entire setting of the case on a Rule 56 motion. In addition to the pleadings, it will consider *all papers of record,* as well as any material prepared for the motion that meets the standard prescribed in Rule 56 (e).' [Cit.]" Id., p. 614. In other words, a trial judge should always *search the entire record* before granting a motion for summary judgment, and should not limit himself to the evidence introduced at the hearing. *Thompson v. Abbott,* 226 Ga. 353, 355 (174 SE2d 904), overruled on other grounds, *Ogden Equip. Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459). Here, however, the deposition was not filed and thus was not a matter of record at the time of the motion for summary judgment. That being the case, *Union Circulation Co.* is not authority for reversing and remanding the grant of summary judgment in this case.

The record reveals that appellant filed his petition on February 4, 1977. Discovery was made for several months thereafter. The appellee filed its motion for summary judgment on May 16, 1978. The appellant did not take the deposition in question until July 26, 1978, or nine days before the hearing on the summary judgment motion. There was no showing by the appellant as to why the taking of the deposition was so long delayed that the

requirements of Code Ann. § 81A-130 (e) could not be met before the scheduled hearing on the motion. Under this set of facts, we are constrained to hold that the appellant failed to demonstrate diligence in this matter and that the trial judge did not abuse his discretion in ruling on the motion without waiting for the deposition to be filed. See generally *Smith v. Davis,* 121 Ga. App. 704 (2) (175 SE2d 28).

2. The appellee's motion for summary judgment was brought on several grounds. We deal first with whether the petition of appellant failed to state a claim for declaratory relief.

While Code Ann. § 110-1101 (c) provides that one is not precluded from obtaining relief by declaratory judgment merely because he has other adequate legal or equitable remedies, the " 'object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated.' [Cit.]" *Pinkard v. Mendel,* 216 Ga. 487 (2) (117 SE2d 336).

The appellant's petition alleged that his employment and medical disability benefits were terminated on or about October 27, 1976. The obligations, if any, which were owed to appellant by appellee under its Plan were repudiated at that time; the appellant's rights, if any, to disability benefits were violated at that point. See generally *Scott v. Employees' Retirement System,* 113 Ga. App. 295 (147 SE2d 821). The appellant had an adequate remedy with which to seek redress for the alleged wrongful termination of his disability benefits. See generally 56 CJS 835, Master and Servant, § 169 (e); *Atlantic Steel Co. v. Kitchens,* 228 Ga. 708 (187 SE2d 824) (retirement benefits); *Winkler v. Burns,* 222 Ga. 574 (151 SE2d 130) (pension rights). The appellant, however, filed his petition on February 4, 1977, some three months *after* his benefits had already been terminated.

Were the appellant's claim for relief *solely* for a declaratory judgment, we would be compelled to affirm the grant of summary judgment, the only uncertainty facing the appellant, under the circumstances, being the outcome of an action to reinstate his disability benefits, provided such an action were brought. See generally *Pinkard v. Mendel,* supra. However, our pleading

requirements have been liberalized since *Pinkard* was decided. "It is now well established under the CPA that (a) a complaint is not required to set forth a cause of action but need only set forth a claim for relief; (b) that a complaint is no longer to be construed most strongly against the pleader; and (c) that a motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any set of facts which could be proved in support of this claim. [Cits.]" *Mathews v. Greiner,* 130 Ga. App. 817 (4) (204 SE2d 749). The appellant's petition seeks, in addition to declaratory relief, "[t]hat all benefits that accrue as an employee of Defendant under the Plan be restored. . ." The appellant's petition thus sets out a claim for the executory or coercive relief that would be proper under the circumstances, i.e., restoration of the benefits. Therefore, while the petition may fail to state a claim for declaratory relief, it is sufficient to state a claim for the restoration of the appellant's benefits.

3. We therefore turn to the merits of the motion for summary judgment. However, preliminary to deciding whether summary judgment was properly granted, we must first determine the applicable standard for testing the appellee's liability. The Plan in question provides that "[t]he Employees' Benefit Committee, or the Review Committee when it reviews a denial of a claim, shall determine conclusively for all parties all questions arising in the administration of the Plan." We find no Georgia cases which construe the legal effect of such grants of discretion, but, after careful study of the decisions of other jurisdictions, we concur in the standard established thereby and hold that an employee whose benefits under a noncontributory benefit plan have been denied by a designated discretionary authority may not recover absent a showing that the adverse decision was arbitrary, fraudulent or made in bad faith. See generally 42 ALR2d 461, 472, § 7.

The appellant, while in agreement that the above standard applies to his claim, contends that bad faith may be established not only by direct evidence, but also may be inferred from an adverse decision which has no basis in

fact. Recognizing that direct evidence of bad faith can easily be concealed in the internal procedures incident to the denial of an employee's benefits, we are of the opinion that bad faith may indeed be inferred from an adverse decision which has no basis in fact.

There is no dispute as to the facts of this case; the sole question presented is whether, construing the evidence and inferences thereof against the appellee-movant and in favor of the appellant, the appellee has established it is "entitled to judgment as a matter of law." Based on the standards we have found to be applicable in an action such as this, we believe that to prevail on a motion for summary judgment, the movant-employer has the burden of producing evidence which so conclusively establishes a basis in fact for the denial of benefits that any possible inference by the trier of fact of bad faith is eliminated from the case. See generally *Kohlmeyer & Co. v. Bowen,* 130 Ga. App. 386 (4) (203 SE2d 630). In support of the grant of its motion for summary judgment, the appellee urges that its evidence does conclusively establish the existence of factual bases for its decision and that it thereby has pierced the pleadings, negating any inference of bad faith. The appellant, however, contests the competency and sufficiency of the evidence upon which the appellee relies to establish its conclusive "factual bases" and argues that there is a failure to meet the summary judgment burden.

It is the appellee's first contention that the evidence shows the appellant violated the terms of the Plan. The terms which the appellant allegedly violated require the submission of proper information respecting the condition upon which a claim of disability is based. The record reveals a request by the appellee that a medical certificate, signed by a physician, be submitted to establish the appellant's eligibility under the Plan; with this request the appellant complied. Later, the appellee made a general request that the appellant authorize his physician to release medical information concerning his condition. The appellant's compliance with this latter request for a release was determined to be inadequate by the appellee, and notification of the termination of benefits for failure to provide information was sent.

We are cited by the appellee to Marsh v. Greyhound

Lines, 488 F2d 278 (5th Cir. 1974) for the proposition that evidence of a failure to supply information establishes a "basis in fact" for denial of benefits. In that case, a jury verdict in favor of an employee seeking disability benefits was reversed on appeal because the record established a continuing and "persistent failure" of several years duration to supply the specific and exact information repeatedly requested by the employer. Here, however, while there is some question as to the sufficiency of the appellant's compliance with the request for a release, there is no showing that the appellant "persistently failed" to supply information. Rather, there is a showing of but a single instance in which the appellant authorized only a qualified release of information in response to the appellee's general request. We do not believe that the Marsh decision is authority for holding that evidence of such a single instance establishes so conclusive a "basis in fact" for denying benefits that the employer's good faith under the circumstances is established as a matter of law. In other words, we are of the opinion that the evidence adduced by the appellee to demonstrate the appellant's "failure to supply information" does not so conclusively establish a "basis in fact" for the denial of benefits that the material issue of bad faith has been eliminated from the case.

The appellee's second argument is that the evidence demonstrates that the appellant is not disabled and, thus, should not receive benefits under the Plan. We are again cited to Marsh. In that case, the employee claimed to be disabled from driving buses and submitted evidence which, in the opinion of several doctors, should have precluded driving any commercial vehicles; the court, in reversing, noted that the employee belied those reports by engaging in driving heavy trucks, an activity virtually indistinguishable from his normal employment. Here, all the medical evidence demonstrates that the appellant suffers from a physical-psychological disability to engage in his employment with the appellee. While there is evidence that the appellant, during the time he received disability benefits, engaged in social, political and professional affairs, including the practice of law, there was also medical evidence that the activities were not

inconsistent with the claim of disability to perform his employment with the appellee. On this evidence we are not prepared to hold that there was a conclusive showing of a "basis in fact" for the discontinuance of benefits due to the appellant's lack of disability such that the appellee was entitled to judgment as a matter of law.

In short, we do not believe the Marsh decision supports the appellee's contention that the evidence in this case conclusively establishes such bases in fact for the discontinuance of benefits that its good faith has been established as a matter of law, and that bad faith may not be otherwise inferred from the denial of the appellant's benefits. Construing the evidence as we must on summary judgment, the appellee has failed to carry its burden and, thus, judgment is reversed.

*Judgment reversed. Deen, C. J., and McMurray, P. J., concur.*

ARGUED JANUARY 8, 1979 — DECIDED APRIL 19, 1979 — REHEARING DENIED MAY 8, 1979 — ▮▮▮▮▮▮

*Robert C. Sacks,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, George B. Haley, Joseph P. McGuire, Robert E. Shields, Deborah A. Brian,* for appellee.