## 65044. SCHMID v. DeKALB COUNTY.

DEEN, Presiding Judge.

Harry E. Schmid filed a petition for declaratory judgment asking the trial court to order the Pension Board of DeKalb County to grant him a pension. On February 25, 1981, he applied for a pension and on March 24, 1981, he was notified that he lacked the required ten years of accredited service that would entitle him to a pension. He did not seek a review of that decision, but filed a petition of a declaratory judgment more than seven months later. (He resigned from his job in May of 1981.) At the hearing on his petition, he offered to repurchase prior service when he worked from 1952 to 1955 (he withdrew from the pension fund in 1953) and for his service from 1955 to 1972 when he served as a police officer for the City of Decatur. The trial court denied his petition and entered judgment in favor of the county. *Held:*

In *Pension Bd. of DeKalb County v. Jordan,* 140 Ga. App. 357 (231 SE2d 80) (1976), this court reviewed the Act of 1962 upon which appellant relies contending that he had the right to repurchase prior service credit. The court held that the "statutory scheme was designed for the time in question and was not set up as a continuing system whereby the purchase of prior time would be available at any subsequent time." In other words, these benefits were provided only to those persons who were county employees on the date of the act, and those not having made their election at the prescribed time could not claim credit for service prior to 1962. The plaintiff was not a

county employee in 1962, but was employed by the City of Decatur. Moreover, it appears that the petition for declaratory judgment was not timely filed as it was filed five months after the termination of his employment and two months after he knew the status of his eligibility for a pension. As stated in *Sacks v. Bell Tel. Laboratories,* 149 Ga. App. 799, 801 (256 SE2d 87) (1979) the " 'object of declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated. (Cit.)' *Pinkard v. Mendel,* 216 Ga. 487 (2) (117 SE2d 336)." "The obligations, if any, which were owed to the appellant by appellee under its Plan were repudiated at that time; the appellant's rights, if any, to [pension benefits] were violated at that point." *Sacks,* supra.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 9, 1982 —
REHEARING DENIED DECEMBER 6, 1982.

*Robert P. Mallis, Platon P. Constantinides,* for appellant.
*George P. Dillard, Richard W. Calhoun,* for appellee.