A90A0006. LOGAN PAVING COMPANY v. PEOPLES BANK & TRUST.
(395 SE2d 287)

CARLEY, Chief Judge.
In 1987, appellee-defendant Peoples Bank & Trust made a construction loan to Landmark, Inc. (Landmark) and took back a security deed on the property to be improved. In 1988, Landmark hired appellant-plaintiff Logan Paving Company to perform work on the property. When appellant was not paid for the work it performed, it filed suit against Landmark and a materialman's lien against the property. Thereafter, Landmark defaulted on its construction loan, and appellee initiated foreclosure proceedings pursuant to the power of sale contained in its deed to secure debt.

Appellant then brought this declaratory judgment action, seeking a declaration that appellee's security deed was invalid and that appellee was, therefore, merely an unsecured creditor of Landmark. Appellee answered, denying the material allegations of appellant's petition for declaratory judgment. Thereafter, cross-motions for summary declaratory judgment were filed. The trial court denied appellant's motion and granted appellee's, holding that appellee's security deed was valid and that appellee was, therefore, a secured creditor of Landmark. It is from this order that appellant brings this appeal.

It is clear that, at the time appellant filed its petition for declaratory relief, all rights had accrued and appellant was in need of no direction with respect to any future conduct on its part which might

affect its interests. Appellant's lien against the property had already been filed and appellee was already in the process of foreclosing under the power of sale contained in its security deed. What appellant sought, in effect, was an advisory opinion as to whether, based upon past events, it would prevail on the merits if it were ever to file an action at law or equity to establish the priority of its lien over appellee's deed to secure debt. Based upon those past events, appellant should have sought immediate legal or equitable relief to establish the priority of its lien, not an advisory opinion from the trial court. " 'Our declaratory judgment statutes provide that there must be an actual or justiciable controversy between adverse parties before they can be invoked. (Cit.) When a complaint for declaratory judgment shows upon its face, as this one does, that there is no actual or justiciable controversy between adverse parties, a trial court does not have jurisdiction to render a declaratory judgment. . . . An actual or justiciable controversy was not present in this alleged litigation, and the trial court was without jurisdiction to enter a judgment. This being so, the judgment must be set aside as nugatory.' [Cit.] Accordingly, . . . the judgment below must be vacated. As appellant failed to demonstrate that it was in need of any direction from the court with respect to future conduct on its part which might increase its liability or otherwise affect its interests, the trial court erroneously entered an advisory declaratory judgment which held, in effect, that, should the accrued rights and obligations at issue result in future litigation, then appellee would prevail on the merits." *Oxford Fin. Cos. v. Dennis*, 185 Ga. App. 177, 178 (363 SE2d 614) (1987).

*Judgment vacated. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 30, 1990 —
REHEARINGS DENIED JUNE 8, 1990 AND JUNE 21, 1990 —
CERT. APPLIED FOR.

*Hudson & Montgomery, Kenneth Kalivoda*, for appellant.
*Holt, Ney, Zatcoff & Wasserman, J. Scott Jacobson, David F. Cooper, William F. Brogdon*, for appellee.