A90A1572. DEPARTMENT OF CORRECTIONS v. BROWN et al.
(403 SE2d 452)

McMurray, Presiding Judge.

J. Farrell Brown, Curtis Nuckolls, Cleo B. Jenkins, Leslie Dodson, Wirt W. Garmany III, Terry H. Jones, Sylvia Hill and Janet Landers (plaintiffs) filed a declaratory judgment action against the Georgia Department of Corrections (defendant) and alleged that they are employed by defendant as probation officers in the Lookout Mountain Judicial Circuit and alleged facts showing that a conflict exists between the counties of the Lookout Mountain Judicial Circuit and defendant as to whether the counties should be allowed to supplement plaintiffs' salaries. Plaintiffs prayed for "an interlocutory order . . . allowing [them] to receive and use any supplements paid by the counties of the Lookout Mountain Judicial Circuit [and a declaration of their] right and status . . . to receive pay supplements from the counties of the Lookout Mountain Judicial Circuit." Defendant challenged plaintiffs' complaint, but the trial court subsequently entered an order and declared that plaintiffs "are legally entitled to and should receive the pay supplements in question from the counties of the Lookout Mountain Judicial Circuit. . . ." Defendant appeals. *Held*:

"[A]n action for declaratory judgment will lie only when necessary to protect plaintiffs against the risk of undirected future action which would jeopardize their interests. *Pinkard v. Mendel*, 216 Ga. 487 (117 SE2d 336) (1960), later appeal, 217 Ga. 562 (123 SE2d 770) (1962)." *Moss v. Central State Hosp.*, 255 Ga. 403, 404 (339 SE2d 226). In the case sub judice, plaintiffs failed to demonstrate that they were in need of direction with respect to undirected future conduct on their part which might jeopardize their interests. Consequently, " ' "the trial court was without jurisdiction to enter [a declaratory] judgment. This being so, the judgment must be set aside as nugatory." (Cit.) . . .' *Oxford Fin. Cos. v. Dennis*, 185 Ga. App. 177, 178 (363 SE2d 614) (1987)." *Logan Paving Co. v. Peoples Bank & Trust*, 196 Ga. App. 42, 43 (395 SE2d 287).

*Judgment vacated. Sognier, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 22, 1991 —
REHEARING DENIED MARCH 7, 1991 —

*Michael J. Bowers, Attorney General, Wayne P. Yancey, Senior Assistant Attorney General*, for appellant.
*Christopher A. Townley*, for appellees.