A91A0907. INTERACTIVE LEARNING SYSTEMS, INC. et al.
v. AKERS.
(412 SE2d 291)

BIRDSONG, Presiding Judge.

Interactive Learning Systems, Inc., Elmer Smith, and John W. White appeal the grant of summary judgment to Lynn R. Akers on one count of their declaratory judgment action.

Appellants brought a petition for declaration of their rights under a clause in a note which provided that they were authorized to offset against amounts due under the note an amount equal to any

loss or reasonable expense paid or owed by appellants arising from Akers' breach of an indemnification paragraph in the stock purchase agreement between appellants and Akers. The paragraph in the stock purchase agreement required Akers to indemnify and hold appellants harmless against certain liabilities of the corporation, damages or deficiencies from Akers' misrepresentation, breach of warranty, or non-fulfillment of any agreement by Akers under the stock purchase agreement, and from actions, suits, proceedings, demands, assessments, judgments, costs and expenses, including reasonable attorney fees, incident to any of the foregoing. Akers was required to reimburse appellants, on demand, for any payments made by appellants after the execution of the stock purchase agreement for any liability or claim under the indemnity clause or appellants could offset the liability or claim against payments due under the note. According to appellants, because of the set off they wished to apply, they would have no further liability to Akers on the note.

Appellants sought a declaratory judgment as to whether they were entitled to deduct from future payments under the set off clause in the note certain sums they claimed Akers was required to reimburse them under the indemnification clause of the stock purchase agreement. They claimed uncertainty because of adverse consequences they would suffer if they were to make an unauthorized set off. In addition to the petition for declaratory judgment, appellants also sought preliminary injunctions to preserve the status quo and avoid the acceleration clause of the note if the court were to find against them on the merits of their petition. The trial court, however, denied this petition, and the record shows that appellants did not make the required payments.

Additionally, although the record also shows that Akers made a motion to dismiss the action and a subsequent continuing motion to dismiss the petition when his initial motion was not ruled upon, the trial court has not ruled on these motions. Instead, the trial court found that no set off under the clause in the note was permissible because the indemnification clause did not apply to the claims appellants asserted because they had not incurred any real liability, and granted Akers' motion for summary judgment on one count of the claim. As the parties agreed that issues of fact were present on other counts of the petition, the trial court ruled that those counts would be submitted to the jury. Appellants assert the grant of summary judgment was error because genuine issues of material fact remain for trial. *Held*:

Pretermitting the issues appellants wish to assert, the record shows that the trial court was not authorized to render a declaratory judgment.

Although appellants may have been uncertain whether they were

indebted to Akers under the note because of the set offs they claimed, and sought to avoid the acceleration clause in the event they were not entitled to the set off, the record shows that even though their motion for a preliminary injunction was denied, they did not make the payments required under the note. Consequently, the rights and liabilities under the note vested, and whether they remain uncertain is of no legal significance. *Kiker v. Hefner*, 119 Ga. App. 629 (168 SE2d 637). Accordingly, this case was not appropriate for declaratory judgment. OCGA § 9-4-1. *Department of Corrections v. Brown*, 198 Ga. App. 862 (403 SE2d 452); *Consolidated Quarries Corp. v. Davidson*, 79 Ga. App. 248 (53 SE2d 231). Therefore, as the trial court was without jurisdiction to enter a declaratory judgment, the judgment must be set aside as nugatory. *Logan Paving Co. v. Peoples Bank &c.*, 196 Ga. App. 42, 43 (395 SE2d 287).

*Judgment vacated. Pope and Cooper, JJ., concur.*

DECIDED NOVEMBER 8, 1991.

*Tate & Mallernee, Rollin E. Mallernee II, Ford & Harrison, F. Carter Tate*, for appellants.
*David W. Griffeth*, for appellee.