A93A1124. HAMMOND v. SANDERS.
(436 SE2d 45)

Birdsong, Presiding Judge.

Derek Lester Hammond, Administrator C.T.A. of the Estate of Donald Lester Hammond, appeals from the grant of summary judgment to Kimberly Ann Sanders, Administratrix C.T.A. of the Estate of Linda Wheeler Hammond, in a declaratory judgment action apparently filed under OCGA § 9-4-4 in Fayette County Superior Court. The complaint sought a judgment declaring that Linda Wheeler Hammond predeceased Donald Lester Hammond.

Donald Lester Hammond caused the death of his wife, Linda Wheeler Hammond, by shooting her in the chest with a high-powered rifle, and almost immediately killed himself with a shot in the head from the same rifle. Although the complaint sought a declaration on whether Linda Wheeler Hammond predeceased Donald Lester Hammond, the trial court did not address this issue, but instead resolved the case by deciding that the estate of Donald Lester Hammond was not entitled to inherit from Linda Wheeler Hammond because any claim would be barred by OCGA § 53-4-6 (a) which prohibits the

right of inheritance to any person who with malice aforethought kills another.

Derek Lester Hammond, administrator of his father's estate, now appeals. He contends the trial court erred by granting summary judgment because the evidence showed that Linda Wheeler Hammond predeceased Donald Lester Hammond, because OCGA § 53-4-6 (a) was inapplicable, and because the trial court did not consider the applicability of OCGA § 33-25-13 to this case. *Held*:

Our initial consideration is whether this was an appropriate case for declaratory judgment. See *Dept. of Corrections v. Brown*, 198 Ga. App. 862 (403 SE2d 452). The petition for declaratory judgment merely alleged that the evidence showed that Linda Wheeler Hammond predeceased Donald Lester Hammond and, thus, her estate should not inherit from his. The petition, however, does not assert that the petitioner faced any uncertainty or that as administrator he was in need of direction to prevent actions which would jeopardize the interest of Donald Lester Hammond's estate. The record does not show that any claim arising from these issues had been filed by Linda Wheeler Hammond's estate or any other party or that any such claim was expected to be filed against Donald Lester Hammond's estate, that construction of Donald Lester Hammond's will was necessary, or that the administrator of his estate anticipated taking any action which, if not directed by a declaratory judgment, might jeopardize the estate. Cf. *Sentry Ins. Co. v. Majeed*, 194 Ga. App. 276 (390 SE2d 269), aff'd 260 Ga. 203 (391 SE2d 649) (no specific case or controversy pending). Instead, the matters the administrator apparently wants to address could be resolved during the probate of Linda Wheeler Hammond's estate or by a claim for the proceeds of Donald Lester Hammond's insurance policy.

While administrators are entitled under OCGA § 9-4-4 (a) to judicial guidance (see *Stephens v. First Nat. Bank of Atlanta*, 222 Ga. 423, 426 (150 SE2d 865)), the requirement for a determination to guide and protect administrators from uncertainty and insecurity with respect to some future act or conduct applies in cases arising under OCGA § 9-4-4 as well as to cases arising under OCGA § 9-4-2. *Gay v. Hunt*, 221 Ga. 841, 845 (148 SE2d 310); *Mendel v. Pinkard*, 217 Ga. 562, 563 (123 SE2d 770); *Brewton v. McLeod*, 216 Ga. 686, 691 (119 SE2d 105); *Pinkard v. Mendel*, 216 Ga. 487, 490 (117 SE2d 336). Consequently, a declaratory judgment was not authorized because the rights of the parties have accrued and there is no uncertainty alleged which requires direction from the court. *Taylor v. Mosley*, 252 Ga. 325 (314 SE2d 184); *Rowan v. Herring*, 214 Ga. 370, 373-374 (105 SE2d 29).

Therefore, the judgment is nugatory and must be set aside. The judgment is vacated. *Dept. of Corrections v. Brown*, supra; *Logan*

*Paving Co. v. Peoples Bank & Trust*, 196 Ga. App. 42, 43 (395 SE2d 287).

*Judgment vacated. Pope, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 17, 1993.

*Glover, Blount & Cruse, Samuel W. Cruse*, for appellant.
*Saia, Richardson & Meinken, Joseph J. Saia*, for appellee.