## A04A1306. COCHRAN v. WHITE.
### (603 SE2d 509)

SMITH, Chief Judge.

Charlene Cochran, as executrix of the estate of Aldine Duke, deceased, appeals from the trial court's grant of Timothy White's motion to dismiss her petition for declaratory judgment. We conclude that the trial court correctly dismissed Cochran's petition for declaratory judgment but improperly dismissed Cochran's claim on behalf of the estate for damages sounding in tort. We therefore affirm the judgment in part and reverse in part.

In her petition, Cochran alleged that Duke adopted her in 1971 and that she is the sole beneficiary of his estate. She alleged that during a period when Duke was suffering from Alzheimer's disease, White, who was Duke's cousin by marriage, fraudulently caused Duke to withdraw funds from Duke's pension account and a checking account and deposited these funds into an account he held jointly

---

with Duke. She also alleged that White deceived Duke into redirecting the direct deposit of his monthly Social Security and pension checks into a bank account White held jointly with Duke and continued these monthly deposits into the joint account over the course of three years, until Duke's death.

After Duke died on June 4, 2003, the probate court issued letters testamentary to Cochran. Cochran alleged that she was unable to marshal the estate's assets and sought a declaration of her rights as executrix. White answered and counterclaimed, alleging that he and Duke had been friends for a long time and that Cochran was the one who had defrauded Duke. He alleged that in the spring of 2000, Cochran withdrew a "substantial portion" of Duke's funds from a savings account through the use of a power of attorney. White also alleged that Cochran unsuccessfully sought to withdraw a "substantial portion" of the funds on deposit in an account at the Lockheed Credit Union that Duke and White held jointly. After this unsuccessful attempt, Duke moved out of the residence he shared with Cochran and moved in with White, living there until his death. White asserted that he was the rightful sole owner of the funds sought by Cochran because before his death, Duke had given or transferred to him all interest in these accounts.

In addition to his counterclaim, White filed a motion to dismiss for failure to state a claim for a declaration of rights under OCGA § 9-11-12 (b) (6). After Cochran was served with the motion, she amended her petition, adding a claim for compensatory and punitive damages for White's unlawful actions. She added that because of White's wrongful retention of the funds in issue, she was "insecure and uncertain with respect to the rights, status, and legal relations of the estate to Defendant" and that a declaration of rights from the court was proper.

The trial court granted White's motion, finding that as executrix, Cochran was not entitled to judicial guidance under OCGA § 9-4-4 (a) because all the rights of the parties had already accrued, no uncertainty was alleged that required direction from the court, and no protection was needed from any future action that might reasonably jeopardize the parties' interests. This appeal ensued.

1. OCGA § 9-4-4 (a) gives to fiduciaries the general right to a declaratory judgment in three specific situations:

(1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others; (2) To direct the executor, administrator, or trustee to do or abstain from doing any particular act in his fiduciary capacity; or (3) To determine any question arising in the administration of the estate or

trust, including questions of construction of wills and other writings.

If uncertainty exists, executors are entitled under OCGA § 9-4-4 (a) to judicial guidance. But the purpose of a declaratory judgment in such a case is "to guide and protect [executors] from uncertainty and insecurity with respect to some future act or conduct." *Hammond v. Sanders*, 210 Ga. App. 307, 308 (436 SE2d 45) (1993). When the rights of the parties have already accrued and no uncertainty exists that requires the court's guidance, a declaratory judgment is not authorized. Id. Here, the record does not show any uncertainty caused by some anticipated future action contemplated by Cochran as executrix of Duke's estate that might jeopardize the estate. Instead, the matters Cochran wished to address had already occurred. That portion of the trial court's order dismissing her claim for a declaratory judgment is therefore affirmed.

2. We next address the trial court's dismissal of Cochran's tort claim. "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." OCGA § 9-11-15 (a). Because no pretrial order had been entered, Cochran had the right to amend her petition to allege a tort claim against White. Because the amendment arose out of the conduct set forth in the original pleading, it related back to the date of the original pleading. OCGA § 9-11-15 (c). The trial court obviously recognized Cochran's right to bring a tort claim against White. Indeed, the trial court ruled that "to the extent [Cochran] reasonably believes, in her fiduciary capacity, that these allegations set forth a viable cause of action, [she] may proceed with a tort action, or she may elect to compromise the claim as she is authorized to do under the law." Perhaps the trial court did not realize that Cochran had already amended her petition to state such a claim. No reason appears why Cochran should have to institute a new action stating the same claim when her tort claim was proper as an amendment to the existing petition. That portion of the trial court's order dismissing Cochran's tort claim is therefore vacated, and this case is remanded to the trial court with direction to reinstate Cochran's tort claim and proceed in the manner provided for in the Civil Practice Act.

*Judgment affirmed in part, reversed in part and case remanded with direction. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 19, 2004.

*Bryan P. Hilton*, for appellant.
*Hix H. Green III*, for appellee.