**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**December 18, 2014**

# In the Court of Appeals of Georgia

A14A2130. WRIGHT v. WATERBERG BIG GAME HUNTING   JE-109
    LODGE OTJAHEWITA (PTY), LTD.

ELLINGTON, Presiding Judge.

This is the third appearance of this case before this Court. As set forth in the previous appeals and as shown by the record, Appellant Joseph "Jerry" Wright was a long-time member of Safari Club International, Inc. ("SCI"), a charitable organization that holds conventions at which attendees have the opportunity to bid at auction on various goods, services, and hunting excursions, which primarily have been donated to SCI by third parties ("outfitters"). *Wright v. Safari Club Intl.*, 307 Ga. App. 136 (706 SE2d 84) (2010) ("*Wright I*"); *Wright v. Safari Club Intl.*, 322 Ga. App. 486 (745 SE2d 730) (2013) ("*Wright II*"). In 2007, Wright attended SCI's seminar in Reno, Nevada and was the successful bidder on a 14-day hunting and

fishing trip to the Republic of South Africa and Namibia offered and conducted by one such outfitter, Appellee Waterberg Big Game Hunting Lodge Otjahewita (Pty), Ltd. ("WABI"). See *Wright II*, 322 Ga. App. at 486. WABI subsequently canceled portions of the safari, and Wright brought suit against SCI and WABI for breach of contract and violation of the Georgia Fair Business Practices Act ("FBPA"), OCGA § 10-1-393. See *Wright II*, 322 Ga. App. at 494-495 (5) (Wright had permission to add WABI as a party defendant in his second amended complaint).

The trial court granted SCI's motion for summary judgment, and this Court previously affirmed that ruling. Id. at 489-493 (1), (2), (3), (4). The trial court later granted WABI's motion to dismiss Wright's complaint for failure to state a claim. Wright appeals. For the reasons explained below, we reverse in part, as to the dismissal of Wright's breach of contract claim.

A trial court may grant a motion to dismiss for failure to state a claim upon which relief may be granted only if

> (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most

favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citations and punctuation omitted.) *Liberty County Sch. Dist. v. Halliburton*, 328 Ga. App. 422, 423 (762 SE2d 138) (2014). If, on the other hand, "within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient[,]" and the trial court should deny a motion to dismiss for failure to state a claim upon which relief may be granted. (Citation and punctuation omitted.) Id.

"In ruling on a motion to dismiss, the trial court must accept as true all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintiff." (Citations, punctuation, and footnotes omitted.) *Roberson v. Northrup*, 302 Ga. App. 405 (691 SE2d 547) (2010).[1] As an appellate court, "[w]e review de novo

---

[1] The trial court can consider matters outside the pleadings only if it converts the motion to dismiss for failure to state a claim to a motion for summary judgment. As the Supreme Court of Georgia has explained,

[i]f, on motion to dismiss for failure to state a claim, the trial court elects to consider matters outside of the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided in [OCGA §] 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by that code section. OCGA § 9-11-12 (b). . . . [W]hen a trial court opts to convert a motion to dismiss for failure to state a claim into one for summary judgment, the party opposing the motion may, if he so desires, have 30 days' notice in

3

a trial court's determination that a pleading fails to state a claim upon which relief can be granted, construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor." (Citation omitted.) *Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750 (751 SE2d 545) (2013).

1. Wright contends that the trial court erred in dismissing his claim for breach of contract. Liberally construed, Wright's amended complaint alleged the following: WABI promised SCI that it would provide to the highest bidder at SCI's auction certain goods and services, specifically, a safari trip as described in promotional materials WABI prepared. Wright was the highest bidder at the auction; he satisfied his bid by paying $10,000 for the safari trip to SCI; later, WABI demanded and received $3,850 from Wright for license and trophy fees in connection with his purchase of the safari; and WABI failed to provide the goods and services as promised. These allegations state a claim that WABI entered into a contract with SCI, that Wright was a third party beneficiary of that contract, and that WABI breached that agreement. See OCGA § 9-2-20 (b) ("The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the

which to prepare evidence in opposition.
(Citations and punctuation omitted.) *Cox Enterprises, Inc. v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000). The record in this case does not show such a conversion.

4

contract."); *Starrett v. Commercial Bank of Ga.*, 226 Ga. App. 598, 599 (1) (486 SE2d 923) (1997) (A third-party beneficiary contract is "one in which the promisor engages to the promisee to render some performance to a third person.") (citation and punctuation omitted).[2]

WABI contends, however, that Wright waived any argument that his complaint stated a claim for breach of contract as a third party beneficiary because he did not characterize his claim as such in his complaint or in response to its motion to dismiss. Although Wright did not use the phrase "third party beneficiary" in his complaint,

> the Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirement of the Act. Pleadings serve only the purpose of giving notice to the opposing party of the general nature of the contentions of the pleader, and thus general allegations are sufficient to support a plaintiff's claim for relief.

---

[2] See also *Dillon v. Reid*, 312 Ga. App. 34, 40 (4) (717 SE2d 542) (2011) ("The third-party beneficiary need not be specifically named in a contract; the dispositive issue is whether the parties' intention to benefit the third party is shown on the face of the contract.") (citations and punctuation omitted).

(Citations and punctuation omitted.) *Racette v. Bank of America*, 318 Ga. App. 171, 180 (4) (733 SE2d 457) (2012).[3] Furthermore, pretermitting whether failing to describe himself in connection with WABI's motion to dismiss as a "third party beneficiary" could operate as a waiver of this claim, WABI's assertion is not supported by the record – Wright did argue, albeit briefly, in a brief filed in response to WABI's motion to dismiss that a third party beneficiary right to him was created when WABI agreed to donate the safari to SCI for auction.

Moreover, the allegations that WABI demanded and received from Wright an additional $3,850 for license and trophy fees in connection with his purchase of the safari arguably shows the flow of consideration directly from Wright to WABI for goods and services which WABI failed to provide.[4] Based on the foregoing, we

---

[3] See also OCGA § 9-11-8 (f) ("All pleadings shall be so construed as to do substantial justice."); *Cotton v. Federal Land Bank*, 246 Ga. 188, 191 (269 SE2d 422) (1980) ("The well established rule in Georgia is that, under our system of notice pleading, the substance, rather than the nomenclature, of legal pleadings determines their nature. The Civil Practice Act pleading requirements are to be construed liberally and in favor of the pleader, in furtherance of the basic premise behind the Act – to substitute notice pleading for issue pleading.") (citations and punctuation omitted).

[4] See OCGA § 13-3-1 ("To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate."); *Bedsole v. Action Outdoor Advertising*, 325 Ga. App. 194, 198 (1) (750 SE2d 445)

6

conclude that the trial court erred in granting WABI's motion to dismiss Wright's claim for breach of contract. *Racette v. Bank of America*, 318 Ga. App. at 180-181 (4).

2. Wright contends that the trial court erred dismissing his claim for a violation of the FBPA, which declares that "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are . . . unlawful." OCGA § 10-1-393 (a). As we held in *Wright II*, "[a] prerequisite to stating a claim for relief under the [FBPA] is the commission of some unfair act or deceptive practice in trade or commerce, from which the Act is designed to protect the public. To be deceptive, a business practice must have the tendency or capacity to deceive." (Citations and punctuation omitted.) 322 Ga. App. at 489 (1) (a). In setting out his claim under the FBPA, he alleged that "WABI caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or

(2013) ("Georgia contract law requires a meeting of the minds of the parties, and mutuality, and in order for the contract to be valid the agreement must ordinarily be expressed plainly and explicitly enough to show what the parties agreed upon. A contract may be enforceable even though it rests only in words as remembered by the witnesses. To determine whether the parties mutually assented to all essential terms of the contract, the circumstances surrounding the making of the contract, such as correspondence and discussions, are relevant in deciding if there was a mutual assent to an agreement.") (citation, punctuation, and footnotes omitted).

certification of services."[5] In his amended complaint, however, Wright did not allege that a person or entity other than the purported provider (that is, WABI) provided, sponsored, or approved the goods or services (that is, the safari trip). Rather, Wright alleges that the goods and services were not provided at all. Nor did Wright allege that WABI advertised its donation of a safari without any intention of performing. The trial court did not err in ruling that the complaint failed to state a claim under the FBPA against WABI. See id. at 489-491 (1) (affirming summary judgment in SCI's favor on Wright's FBPA claim).

3. Wright contends that the trial court erred when it sua sponte dismissed his complaint after entering a case management order providing for additional discovery and a trial date. In light of our holding in Division 1, supra, this claim of error is moot.

4. Wright contends that the trial court erred when, after finding that WABI had not met its burden of showing improper service of process, it impliedly questioned the propriety of service by noting that "the court may revisit this issue at a later date."

_____

[5] See OCGA § 10-1-393 (Under the FBPA, prohibited unlawful practices "[p]assing off goods or services as those of another [or c]ausing actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of goods or services[.]).

8

We are a court for the correction of errors, however, and are not authorized to issue an advisory opinion about a potential error a trial court may make in the future. *City of Atlanta v. Hotels.com*, 285 Ga. 231, 236, fn. 4 (674 SE2d 898) (2009); *Bibbins v. State*, 280 Ga. 283, 284-285 (627 SE2d 29) (2006). This claim of error presents nothing for our review.

*Judgment affirmed in part and reversed in part. Phipps, C. J., and McMillian, J., concur.*