**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 26, 2016**

# In the Court of Appeals of Georgia

A16A0767. RENTZ et al. v. RENTZ et al.
A16A0859. RENTZ FAMILY FARMS v. RENTZ et al.

MILLER, Presiding Judge.

These appeals involve the complicated interaction between the Decatur County Probate and Superior Courts in connection with the distribution of several parcels of real property in Marvin Rentz's estate under the terms of his will. The probate court entered an order compelling liquidation of the estate's assets, including the real property, and requiring distribution of the proceeds. The executor filed two separate declaratory judgment petitions in the superior court to ascertain if the probate court had jurisdiction to resolve conflicting claims of title to the real property and to order a sale of that property. The executor also sought a temporary restraining order to stop the sale.

The superior court determined that (1) the probate court had jurisdiction to order the sale, and (2) the superior court lacked subject matter jurisdiction to issue an injunction or to address the issues raised in the declaratory judgment petitions. These appeals followed. After a thorough review of the record, we vacate the superior court's order and remand these cases to the superior court for further proceedings.

When Marvin Rentz ("Marvin") died on March 12, 2012, he left a will that devised his extensive property to his four sons, and he named one of his sons, Dennis Rentz ("Dennis"), as executor of his will. The terms of Marvin's will directed that

> all of my just debts be paid by my Executor, hereinafter named, as soon after my demise as is practicable. I do not, however, require my Executor to immediately liquidate the assets of my estate in order to pay my just debts. It is my anticipation that my Executor may choose, for a limited time, to continue the operation of my businesses as part of my Executor's effort to properly administer my estate.

In addition to being the executor of the estate, and a beneficiary under the will, Dennis was the head of a partnership he owned along with his son. This partnership, known as the Rentz Family Farm ('the partnership"), operated a farm on several parcels of Marvin's land through a lease entered into with Marvin prior to Marvin's

death. Under the terms of the lease, the partnership was required to pay the outstanding debts and taxes on the property in lieu of rental payments. Notably, a month before his death, Marvin executed an extension on the lease to run through at least 2020.

In December 2014, Marvin's other sons ("the beneficiaries") filed a petition in the probate court for an accounting and settlement of Marvin's estate, seeking to force Dennis to sell the property, pay off the debts, and distribute the proceeds, which they expected would total about $5,000,000. On August 18 and 19, 2015, while the petition for sale was pending in the probate court, Dennis filed two petitions for declaratory judgment in superior court. He filed one petition on behalf of the estate and the other on behalf of the partnership, seeking to determine if the probate court had jurisdiction to order the sale. Dennis noted the conflicting responsibilities and duties he faced as both executor of the estate and head of the partnership.

On September 8, despite the declaratory-judgment actions pending in the superior court, the probate court issued an "interim order" granting the beneficiaries' petition for an accounting and settlement, and ordering the sale of the estate property. The probate court found that the estate could sell the property "free and clear" of the

3

partnership's lease, in part because it found there would be no consideration for the lease once the debts and taxes were paid from the proceeds of the sale.

In ordering the sale of the property, the probate court further found that Dennis's obligation to the estate beneficiaries took precedence over any personal rights, and to the extent he favored any other position, he would be in breach of his fiduciary duties. The probate court found that Dennis was estopped from promoting the partnership's interests,[1] and it noted that because Dennis had already sold some of the leased property to himself despite the lease, he could not argue against the sale of other parcels.

On behalf of the partnership, and while the two declaratory judgment petitions remained pending, Dennis filed for a temporary restraining order ("TRO") in the superior court to stop the sale of the estate property. Dennis also requested a TRO from the superior court in his capacity as the executor of the estate. In two separate orders issued on October 22, the superior court denied Dennis's TRO requests, finding that the partnership had elected not to participate in the proceedings in the probate court and thus was not entitled to a restraining order. The superior court

---

[1] At some point after this order, Dennis obtained different counsel for the partnership and the estate.

further found that the probate court had jurisdiction to order the disposition of the estate's property.

Additionally, the superior court found that it lacked jurisdiction to grant the requested TROs. Although the superior court noted that it had concurrent jurisdiction with the probate court, it declined to intervene once the probate court exercised its jurisdiction. The superior court also explained that the requests for TROs were an impermissible collateral attack on the probate court's valid order. Absent from the superior court's order, however, was any final ruling on the pending declaratory judgment actions.

Thereafter, Dennis moved the superior court for a final judgment or for a certificate of immediate review in the declaratory judgment actions, noting that the superior court had not entered a final ruling in those cases. On November 3, the superior court issued its final judgment in both cases, stating that it lacked jurisdiction over the issues presented in the declaratory judgment petitions.[2]

---

[2] We note that the procedural history of this case has lead to confusion between the probate and superior court. The superior court addressed, but did not explicitly rule on, the declaratory judgment action in its order denying a TRO. Moreover, the superior court concluded that it lacked jurisdiction to grant the TRO, but it made this determination based on its conclusion that the facts did not warrant a TRO, which is

After the superior court denied the petitions for declaratory judgment, Dennis and the partnership requested, and the superior court granted, an injunction halting the sale of the property, pending the resolution of these cases on appeal.[3]

1. Before we consider the merits of these two appeals, we must address the threshold issue of our jurisdiction. This Court, rather than the Supreme Court of Georgia, has jurisdiction over these appeals because the parties raise questions of subject matter jurisdiction and the claims relating to equity, title to land, and interpretation of Marvin's will are merely ancillary to the jurisdictional issues at this juncture. See *Johns v. Morgan*, 281 Ga. 51, 52 n.2 (635 SE2d 753) (2006) (in an estate case, equitable relief was merely ancillary to legal issues).

(a) The beneficiaries have filed a motion to dismiss the appeal in Case No. A16A0767 on numerous grounds, including lack of jurisdiction. There can be no dispute that this Court has jurisdiction to hear this appeal because the superior court's orders denying the petitions for declaratory judgment are final orders subject to direct

not a jurisdictional issue.

[3] Before the superior court issued its injunction, the estate received bids for the property. The highest bid was in the amount of $12,086,550. Kevin Rentz, Dennis's son, submitted a lower bid on behalf of the partnership in the amount of $8,000,000.

appeal. OCGA §§ 5-6-34 (a) (1), 9-4-2 (a). Moreover, the grounds the beneficiaries raise in the motion to dismiss lack merit.[4]

First, the beneficiaries argue that there was no final order from the probate court to appeal. We disagree. The probate court's caption as an "interim" order does not require us to conclude that the order was not final. See *In re Estate of Sims*, 246 Ga. App. 451, 452 (540 SE2d 650) (2000). Rather, we look to the substance of the order to determine whether it was final. Id.; see also *Sotter v. Stephens*, 291 Ga. 79, 82-83 (727 SE2d 484) (2012) ("the mere designation of a judgment as final is not controlling") (citation and punctuation omitted). In this case, the probate court's order resolved the issue pending before it – the sale of the estate property. Accordingly, the probate court's order was final for purposes of the superior court's jurisdiction.[5]

(b) Additionally, the beneficiaries argue that the partnership has no standing in this appeal because, as the superior court found, the partnership failed to intervene or participate in the probate court proceedings. We disagree.

---

[4] Although we discuss only two of the beneficiaries' arguments here, we conclude that none provide any basis to dismiss the appeal.

[5] We note that Dennis filed the petitions for declaratory judgment *before* the probate court issued its interim order. Thus, the petitions could not have been an appeal from the probate court's order and were properly deemed declaratory judgment petitions.

It is well-settled that

> [o]ne who had full knowledge of the pendency of a case in which he had a direct pecuniary interest, and neither sought to become a party thereto nor made any effort to intervene therein so as to protect his rights, cannot, after the rendition of a judgment in favor of the plaintiff in such suit, maintain an equitable petition to set such judgment aside or restrain its enforcement.

*Fitzgerald v. Bowen*, 114 Ga. 691, 691 (1) (40 SE 735) (1902). Nevertheless, in this case, the partnership was able to – and in fact did – protect its interests in the probate court through Dennis's actions. The probate court noted this when it concluded that Dennis placed the partnership's interests above his duties to the estate beneficiaries. Moreover, the partnership retained its own counsel after the probate court's ruling that Dennis was advancing the partnership's interests over the interests of the estate. In light of these facts, we conclude that the partnership was sufficiently involved in the proceedings before the probate court and is properly a party to this appeal. Cf. *Walden v. Mahnks*, 178 Ga. 825 (1) (174 SE2d 538) (1934) (finding the principle set forth in *Fitzgerald*, supra, 114 Ga. at 691 (1), inapplicable to case involving the probate of a will).

*Case No. A16A0767*

8

2. In his first enumeration of error, Dennis argues that the superior court erred by concluding that it lacked jurisdiction over the petitions for a declaratory judgment. We agree.

Whether the superior court, or probate court, has jurisdiction over an issue is a question of law that we review de novo. *Babb v. Babb*, 293 Ga. App. 140, 140 (1) (666 SE2d 396) (2008).

> OCGA § 15-9-30 gives Georgia's probate courts original, exclusive, and general jurisdiction over the probate of wills, controversies over executorship, the sale and distribution of estate property, and all other matters and things as appertain or relate to estates of deceased persons. A superior court has concurrent jurisdiction over the administration of estates only when complete and adequate remedies at law are unavailable.

(Citations, punctuation, and footnotes omitted.) Id. at 141 (1).

In this case, we must determine whether the superior court had jurisdiction to address the declaratory judgment petitions, which questioned the probate court's jurisdiction to order the sale of the estate free and clear of the lease. For the reasons that follow, we conclude that the superior court erred by finding that it lacked jurisdiction over Dennis's petitions.

9

(a) Importantly, Dennis had fiduciary duties to both the estate and the partnership, leaving him with conflicting duties as to each. Fiduciaries have the general right to a declaratory judgment in three specific situations:

> (1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others; (2) To direct the executor, administrator, or trustee to do or abstain from doing any particular act in his fiduciary capacity; or (3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

*Cochran v. White*, 269 Ga. App. 182, 183-184 (1) (603 SE2d 509) (2004); see also OCGA § 9-4-4 (a). Moreover,

> [i]f uncertainty exists, executors are entitled under OCGA § 9-4-4 (a) to judicial guidance. But the purpose of a declaratory judgment in such a case is to guide and protect executors from uncertainty and insecurity with respect to some future act or conduct. When the rights of the parties have already accrued and no uncertainty exists that requires the court's guidance, a declaratory judgment is not authorized.

*Cochran*, supra, 269 Ga. App. at 184 (1). See also OCGA § 23-2-92 ("In cases of difficulty in construing wills, in distributing estates, in ascertaining the persons entitled, or in determining under what law property should be divided, the

10

representative may ask the direction of the court, but not on imaginary difficulties or from excessive caution.").

Here, Dennis, as the executor of the estate and head of the partnership, faced uncertainty with respect to his conflicting duties to the partnership and to the estate and beneficiaries. As such, a declaratory judgment was an appropriate vehicle to clarify his obligations. Moreover, the superior court had concurrent jurisdiction with the probate court to address these issues. See OCGA § 15-9-127 (1), (9) (conferring concurrent jurisdiction on the superior court and probate court in actions for declaratory judgments or to adjudicate a petition under § 23-2-92 seeking direction from the court or construction of a will). Accordingly, the superior court had jurisdiction to address Dennis's concerns.

(b) In light of our conclusion that the superior court erred in ruling that it lacked jurisdiction to consider Dennis's declaratory judgment petitions, we need not address his claim that the probate court lacked jurisdiction to order the sale of the leased property, or to interpret the will as allowing the immediate sale of the property free and clear of the lease. We leave these questions for the superior court to address in the first instance on remand.

11

3. Dennis next argues that the superior court erred by denying his requests for TROs on behalf of the estate and the partnership. We agree.

Generally, the probate court has original and exclusive jurisdiction over the probate of wills. OCGA § 15-9-30. See also *Willis v. Willis*, 213 Ga. 45 (96 SE2d 591) (1957). Moreover,

> [t]he superior courts are not ordinarily empowered on equitable petition to set aside a previous probate of a will by [a probate court], or to pass upon the validity of a will, or to interfere with due administration already in progress in a [probate court], or to do more than determine the legality or proper construction of particular legacies.

*Abercrombie v. Hair*, 185 Ga. 728, 731 (3) (196 SE 447) (1938).

> Nevertheless, OCGA § 23-2-91 provides that

> [e]quity will not interfere with the regular administration of estates, except upon: (1) Application of the representative: (A) For construction and direction; or (B) For marshaling the assets; or (2) Application of any person interested in the estate where there is danger of loss or other injury to his interests.

And under OCGA § 9-5-1, "[e]quity, by a writ of injunction, may restrain proceedings in *another* or the same court, a threatened or existing tort, or any other act of a private

12

individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law." (emphasis supplied).

In *Benefield v. Martin*, 276 Ga. App. 130, 131-132 (622 SE2d 469) (2005), this Court addressed the superior court's concurrent jurisdiction with the probate court and found that the superior court could only exercise its concurrent jurisdiction where there was no complete and adequate remedy at law. We find *Benefield* instructive here because there are questions involving interpretation of the will and the probate court's authority to order the sale free and clear of the lease, and the resulting sale could bring about inequitable and irreparable results. Accordingly, just as we concluded in Division 2, that the superior court has jurisdiction to consider the merits of the declaratory judgment petitions, we likewise conclude that the superior court was authorized to exercise its concurrent and equitable jurisdiction to decide the requests for the temporary restraining orders. See *Lowell v. Bouchillon*, 246 Ga. 357, 358 (2) (271 SE2d 498) (1980) (parties made a prima facie showing of possibly injury to their interests justifying equitable intervention where the executor sought a public sale of the estate property under an erroneous construction of a will). Accordingly, in Case No. A16A0767, we remand with instructions for the superior court to

13

reconsider whether the facts of the case warrant a TRO while it considers the declaratory judgment petitions, in light of our decision.

*Case No. A16A0859*

4. In the companion appeal, the partnership argues that the probate court lacked jurisdiction to order the sale because the lease created a conflicting claim of title to the land that fell outside the probate court's jurisdiction.

Although we conclude, as set forth above, that the partnership is a party to the appeal, we find it premature for us to consider the probate court's jurisdiction to order the sale when this is the issue the superior court must address on remand.[6] Consequently, we vacate the judgment in Case No. A16A0859 and remand this case for further proceedings.

*Judgment in Case No. A16A0767 vacated, and case remanded with direction.*

*Judgement in Case No. A16A0859 vacated, and case remanded with direction.*

*McFadden, J., concurs. McMillian, J., concurs in judgment only.*

---

[6] The beneficiaries' motion to dismiss the companion appeal, Case No. A16A0859, is denied as moot.