**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL and GOBEIL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**July 26, 2018**

# In the Court of Appeals of Georgia

A18A1172. COPELAND v. MILLER.

ELLINGTON, Presiding Judge.

Gerald Copeland appeals from the order of the Superior Court of Tift County granting Elizabeth Miller's motion to dismiss his complaint for failure to state a claim upon which relief can be granted. Copeland contends that the trial court erred in granting Miller's motion to dismiss because his complaint stated claims recognized under Georgia law. He also contends the trial court erred by acting as the trier of fact on the motion to dismiss and in finding that he was not entitled to recover under the verified facts alleged in the complaint. For the reasons explained below, we affirm.

1. Copeland contends that his complaint stated causes of action for fraud, interference with the expectation of a gift or inheritance, and constructive trust and, therefore, that the trial court erred in granting Miller's motion to dismiss.

> A motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citation and punctuation omitted.) *Stendahl v. Cobb County*, 284 Ga. 525 (1) (668 SE2d 723) (2008). "In ruling on a motion to dismiss, the trial court must accept as true all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintiff." (Citation, punctuation, and footnote omitted.) *Wright v. Waterberg Big Game Hunting Lodge Otjahewita (PTY), Ltd.*, 330 Ga. App. 508, 509 (767 SE2d 513) (2014).

Viewed in this light, Copeland's complaint alleges the following facts. Copeland filed the instant action for injunctive relief and damages against Miller after

2

his brother Carlton Bruce Copeland ("the decedent") died. In his verified complaint, Copeland prayed for an injunction prohibiting Miller's use and sale of certain of the decedent's real and personal property and for compensatory and punitive damages. Copeland amended his complaint to also pray that the Court impose a resulting or constructive trust over any and all property fraudulently placed in the name of Miller.

Copeland alleged that, in April and May 2011, the decedent was hospitalized for approximately four weeks. Copeland alleged that the decedent and Miller defrauded Emory University Medical Center and others by deeding certain of the decedent's real estate to Miller. Copeland contends that, although the deeds were "not executed, delivered, witnessed or notarized with the proper formalities required by law," Miller nonetheless transferred the properties to a limited liability corporation she created. Although not included in his prayer for relief, Copeland asked that the May 2011 deeds be set aside.

Copeland further alleged that Miller and the decedent claimed to be married at common law and "conspired to and did fabricate, falsify and create a fake divorce when they were never married." Pursuant to the divorce settlement, the 2012 divorce decree purported to convey to Miller the same real property as purportedly conveyed

3

to Miller in the May 2011 deeds. Also not included in his prayer for relief, Copeland asked that the 2012 divorce decree be set aside.

Finally, Copeland alleged that Miller submitted a will to probate that was executed by the decedent in 2013 that did not reflect the wishes and desires of the decedent, but those of Miller. Instead, he contends that the decedent executed a will in 2001 that continues to be the valid will. This will left only the decedent's house and two acres of land to Miller. The remainder of the decedent's farm land and real estate was bequeathed to his four nieces and nephews. Copeland further contends that absent a valid will, he is an heir-at-law of the decedent. Additionally, he alleged that he has filed a caveat to the 2013 will in the probate court.

In Miller's motion to dismiss, she concentrated her argument on Copeland's attack on the 2012 divorce decree. She argues that the complaint failed either as a new action in equity or as a motion to set aside under OCGA § 9-11-60. The trial court, in a summary order, granted the motion to dismiss.

Copeland contends that his complaint states a cause for fraud, specifically based on the May 2011 deeds, the April 2012 divorce decree, and the 2013 will. First, to the extent Copeland's claim for fraud is based on the May 2011 deeds, his complaint specifies that the deeds were not even executed. Because such deeds are

4

unenforceable on their face,[1] it would be impossible for him to prove that he justifiably relied on them.[2]

Second, to the extent his fraud claim is based on the "sham" marriage and the 2012 divorce decree, this action fails and the trial court properly granted the motion to dismiss because a fraud claim based on that decree was time barred. In Georgia, the statute of limitation for fraud claims is four years. See OCGA § 9-3-31; *Hamburger v. PFM Capital Mgmt., Inc.*, 286 Ga. App. 382 (649 S.E.2d 779) (2007). Additionally, the statute of limitation to set aside a judgment based on fraud is three years under OCGA § 9-11-60.[3] Thus, even if Copeland had the standing to ask for the

---

[1] OCGA § 13-5-30 (4) provides: "To make the following obligations binding on the promisor, the promise must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him: . . . (4) Any contract for sale of lands, or any interest in, or concerning lands[.]"

[2] See *Paulk v. Thomasville Ford Lincoln Mercury*, 317 Ga. App. 780, 782 (1) (732 SE2d 297) (2012) ("The five elements of a fraud claim are: (1) false representation made by defendant; (2) scienter; (3) intention to induce plaintiff to act or refrain from acting in reliance by plaintiff; (4) justifiable reliance by plaintiff; and (5) damage to plaintiff.") (citation and punctuation omitted). See also *Raysoni v. Payless Auto Deals*, 296 Ga. 156 (766 SE2d 24) (2014) ("To make out a claim at common law for fraud, a plaintiff must show not only that he relied upon some misrepresentation, but he must show as well that his reliance was reasonable.") (citation and footnote omitted).

[3] OCGA § 9-11-60 (f) provides in pertinent part: "Reasonable notice shall be afforded the parties on all motions [under the Code section]. . . . [Except as otherwise

5

2012 divorce decree to be set aside, both Georgia's general fraud statute of limitation and the statute of limitation to set aside a judgment based on fraud had run before he filed the complaint on September 22, 2017.[4]

Although Copeland argues on appeal that Georgia law provides for tolling of the statute of limitation in circumstances involving fraud, citing OCGA § 9-36-96,[5] his complaint failed to allege facts that would permit the tolling of the statute of limitation.[6] Consequently, even if Copeland were able to introduce evidence within

provided,] all motions to set aside judgments shall be brought within three years from entry of the judgment complained of."

[4] See *U.S. Fidelity & Guar. Co. v. Rome Concrete Pipe Co.*, 256 Ga. 661, 662 (353 SE2d 15) (1987) ("The purpose of statutes of limitation is to limit the time period in which certain types of actions may be brought and thereby provide a date certain after which potential defendants can no longer be held liable for claims brought in such actions.").

[5] "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." OCGA 9-3-96.

[6] See *Bynum v. Fulton-DeKalb Hosp. Auth.*, 267 Ga. App. 899 (600 SE2d 623, 623) (2004) (The trial court correctly granted a motion to dismiss based on the running of the statute of limitation where the "complaint fails to allege any facts that would permit tolling of the statute of limitation.").

the framework of the complaint, any claim for fraud would be time-barred.[7]

Finally, to the extent Copeland's fraud claim is based on the execution of the 2013 will, the trial court did not have jurisdiction to consider that claim. Copeland alleged that Miller initiated a probate proceeding that was pending at the time of this action. As such, "to the extent that a claim is based upon expected inheritance or gift, the superior court has no jurisdiction over it while probate proceedings are pending." (Citations omitted.) *Morgan v. Morgan,* 256 Ga. 250, 251 (1) (1986).[8] The trial court properly granted the motion to dismiss because it did not have jurisdiction over the will even if fraud was alleged.

---

[7] See also *Gullatt v. Omega PSI PHI Fraternity, Inc.*, 248 Ga. App. 779 (546 SE2d 927) (2001) (A motion to dismiss barred claims is properly granted "when a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible.") (citations and punctuation omitted).

[8] OCGA § 15-9-30

> gives Georgia's probate courts original, exclusive, and general jurisdiction over the probate of wills, controversies over executorship, the sale and distribution of estate property, and all other matters and things as appertain or relate to estates of deceased persons. A superior court has concurrent jurisdiction over the administration of estates only when complete and adequate remedies at law are unavailable.

(Citation and punctuation omitted.) *Rentz v. Rentz*, 339 Ga. App. 66, 70 (2) (793 SE2d 112) (2016).

Copeland also contends in his complaint that he had a cause of action against Miller for interference with the expectation of a gift or inheritance. Under Georgia law, in order to have a claim for tortious interference with the expectation of a gift, the plaintiff has the burden of showing "that the donor took steps toward perfecting the gift; that the defendant engaged in fraudulent and malicious conduct to divert the perfection of the gift; and that the defendant diverted the gift away from the plaintiff to himself." *Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Community Trust*, 298 Ga. 221, 229 (2) (b) (780 SE2d 311) (2015).[9] In the complaint, Copeland alleged that, in the 2001 will, the decedent bequeathed his property to five persons which included Miller and his four nieces and nephews. However, Copeland did not allege that the 2001 will, or any other will, included any gift to him. Furthermore, Copeland did not allege that the decedent took any steps toward perfecting, bequeathing or giving any of his property to him. Therefore, the trial court correctly granted Miller's motion to dismiss for failure to state a claim. Id.

---

[9] See also *Ford v. Reynolds*, 315 Ga. App. 200, 203 (726 SE2d 687) (2012) ("Where an intending donor[ ] or testator . . . has actually taken steps toward perfecting the gift[ ] or devise . . . so that if left alone the right of the donee [or] devisee . . . will cease to be inchoate and [will] become perfect, . . . an action will lie, if [the gift or devise] is maliciously and fraudulently destroyed, and the benefit diverted to the person so acting, thus occasioning loss to the person who would have received it.") (citation, punctuation, and emphasis omitted).

8

Because Copeland's prayer for the remedy of imposing a constructive trust on the decedent's property is predicated on his claims for fraud and interference with the expectation of a gift, and because those claims do not survive Miller's motion to dismiss, the equitable remedy is therefore not available to Copeland. *City of Atlanta v. Hotels.com, L.P.,* 332 Ga. App. 888, 892 (775 SE2d 276) (2015) ("A constructive trust is an equitable remedy imposed by a court to prevent unjust enrichment. It is not the basis for an independent cause of action.") (citations omitted). See also *Morrison v. Morrison*, 284 Ga. 112, 113 (663 SE2d 714) (2006) (accord).

2. Copeland contends that the trial court improperly acted as the trier of fact in ruling on Miller's motion to dismiss and determining that he was not entitled to recover under the verified facts alleged in the complaint. In support of this claim of error, Copeland essentially duplicates the argument previously addressed in Division 1, supra, that his complaint sets out claims upon which relief can be granted. As previously explained, Copeland's complaint does not state claims upon which relief can be granted for fraud, interference with the expectation of a gift or inheritance, or constructive trust. Furthermore, the record does not show that the trial court made any findings of fact, and this claim of error presents no basis for reversal.

*Judgment affirmed. Bethel and Gobeil, JJ., concur*.

9